GREENBERG TRAURIG, LLP
Robert H. Bernstein
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7946
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. PORTILLO, RAFAEL SUAREZ, MARTIN DURAN, GERMAN BENCOSME, EDIN VARGAS, LUIS A. HERNANDEZ, JOSUE PAZ, and ALAVARO CASTANEDA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FREIGHT, INC. and NFI INTERACTIVE LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>15-7908 JBS/ KMW<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1446 AND 1453 (Diversity Jurisdiction Under Class Action Fairness Act)** |

TO:   THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

Defendants, National Freight, Inc. and NFI Interactive Logistics, LLC (incorrectly pled as "NFI Interactive Logistics, Inc." and hereinafter jointly "NFI" or "Defendants"), with a place of business at 1515 Burnt Mill Road, Cherry Hill, New Jersey, by and through their attorneys, Greenberg Traurig LLP, state as follows:

## I. BACKGROUND

1. Plaintiffs, John F. Portillo, Rafael Suarez, Martin Duran, German Bencosme, Edin Vargas, Luis A. Hernandez, Josue Paz, and Alavaro Castaneda, commenced this action on June 22, 2015 by filing a Class Action Complaint ("Complaint"), in the Superior Court of New Jersey, Law Division, Camden County, entitled <u>John F. Portillo, Rafael Suarez, Martin Duran, German Bencosme, Edin Vargas, Luis A. Hernandez, Josue Paz, and Alavaro Castaneda, individually and on behalf of all others similarly situated v. National Freight, Inc. and NFI Interactive Logistics, Inc.</u>, Docket No. CAM -L- 2396-15. That action is now pending in that Court.

2. As alleged in the Complaint, Defendants are New Jersey corporations and/or limited liability companies, engaged in the transportation and distribution of goods. (Complaint ¶¶ 2, 3, and 18)

3. The named plaintiffs are either Pennsylvania or Rhode Island residents; none are New Jersey residents. (Complaint ¶¶ 6-13)

4. Plaintiffs claim that NFI misclassified them as "independent contractors" in connection with their deliveries to Trader Joe's stores in Massachusetts. (Complaint ¶¶ 1, 30) The named plaintiffs purport to file this action "on behalf of [a]ll individuals who were classified as independent contractors while performing deliveries on behalf of Defendants to Trader Joe's stores in the Commonwealth of Massachusetts during the applicable limitations period." (Complaint, ¶38) Plaintiffs claim that NFI violated Massachusetts General Law c. 149 § 148B. (Count 1) They also assert a claim for "Unjust Enrichment" under Massachusetts common law, based on the allegation that, as independent contractors, plaintiffs were "subject to deductions for the costs of worker's

compensation insurance, liability insurance and fuel among others." (Count II, Complaint, ¶ 44) Plaintiffs further contend that, as independent contractors, Defendants have somehow deprived them "of the fair value of the services" and that they are therefore entitled to recover in *quantum meruit* under Massachusetts common law. (Count III)

5. Defendants received their first notice of the Complaint on or about June 30, 2015, when Defendants received a copy of the Complaint.

6. On August 15, 2015, Defendants filed a Motion to Dismiss the Class Action Complaint Pursuant to Rule 4:6-2(e).

7. Plaintiffs filed their Brief in Opposition to Motion to Dismiss Class Action Complaint Pursuant to R. 4:6-2(e) on September 25, 2015.

8. On October 19, 2015, Defendants filed their Reply Brief in Further Support of Motion to Dismiss the Class Action Complaint Pursuant to Rule 4:6-2(e).

9. A copy of each of the foregoing papers, as well as a Stipulation Extending Time in Which to Answer the Class Action Complaint, Stipulation Extending Return Date on Motion to Dismiss, Notice of Motion for *pro hac vice* admission of James N. Boudreau, Esq., Notice of Motion for pro hac vice admission of Shanon J. Carson, Esq., Sarah R. Schalman-Bergen, Esq., Harold Lichten, Esq. Thomas Fowler, Esq. and James W. Simpson, Jr., Esq., which constitute all of the processes and pleadings to date, are annexed hereto as Exhibit A.

**II.    THE CLASS ACTION FAIRNESS ACT GRANTS THIS COURT JURISDICTION OVER THIS PUTATIVE CLASS ACTION.**

10. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and

1453(b), because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one proposed class member is diverse from that of at least one defendant; and (3) the amount in controversy, after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs.

### III. THE PROPOSED CLASS CONSISTS OF AT LEAST 100 PROPOSED CLASS MEMBERS.

11. Plaintiffs expressly allege that the Proposed Class consists of "[a]ll individuals who were classified as independent contractors while performing deliveries on behalf of Defendants to Trader Joe's stores in the Commonwealth of Massachusetts during the applicable limitations period." (Complaint, ¶ 38). Defendants have determined that the number of potential putative class members approximates 150 individuals.

12. Because the putative class consists of at least 100 proposed class members, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### IV. THE CITIZENSHIP OF AT LEAST ONE PROPOSED CLASS MEMBER IS DIFFERENT FROM THAT OF AT LEAST ONE DEFENDANT.

13. Upon information and belief, as alleged in the Complaint, all named plaintiffs are either Pennsylvania or Rhode Island residents; none is a resident of New Jersey. (Complaint ¶¶ 6-13)

14. Defendants are New Jersey corporations and/or limited liability companies with their principal place of business at 1515 Burnt Mill Road, Cherry Hill, New Jersey (constituting the location of the companies' center of direction, control and coordination, i.e. their "nerve center"). Therefore, for purposes of 28 U.S.C. §1332, Defendants are deemed citizens of the State of New

Jersey.

15. The diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) is satisfied because there is diversity of citizenship between at least one proposed class member and at least one defendant.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION.

16. Plaintiffs, on their own behalf and on behalf of the purported class, request, based on alleged conduct dating back to the beginning of 2009, compensatory damages, restitution, costs and attorneys' fees. (Complaint, p. 12, WHEREFORE clause) Such liability is predicated upon Plaintiffs' allegation that Defendants have wrongfully misclassified them as "independent contractors" in connection with their deliveries to Trader Joe's stores in Massachusetts. (Complaint ¶¶ 1, 30) Defendants reserve all defenses and deny any and all liability and contend that Plaintiffs' allegations are entirely meritless.[1] Accepting plaintiffs' factual allegations as true and plaintiffs' legal allegations as correct solely for purposes of evaluating the amount in controversy, however, a review of documents reveals that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Based upon the number of delivery routes travelled by plaintiffs from the beginning of 2009 through the present as well as the number and amount of associated expenses and costs for which they reimbursed NFI, and assuming plaintiffs' theories of liability and damages are cognizable under Massachusetts law, the requisite amount in controversy for federal diversity jurisdiction under 28 U.S.C. §§ 1332(d)(2) & (6) has been

---

[1] Defendants do not concede that plaintiffs or any member of the Proposed Class state a claim for relief or are entitled to any relief. Nor do Defendants concede the propriety of class certification. Nonetheless, plaintiffs' "claim, whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

satisfied.

17. All named Defendants consent to this application for Removal.

18. This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

19. Upon filing this Notice of Removal, NFI will notify Alexandra Koropey Piazza, Berger & Montague, P.C., Harold Lichten (admitted *pro hac vice*), Lichten & Liss-Riordan, P.C., and James W. Simpson, Jr. (admitted *pro hac vice*), Law Offices of James W. Simpson, Jr. P.C., attorneys for plaintiffs, of its filing. NFI will also file copies of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Camden County, Camden, New Jersey.

WHEREFORE, Defendants, National Freight, Inc. and NFI Interactive Logistics, LLC, remove the above-captioned action now pending against them in the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

> GREENBERG TRAURIG LLP
> Attorneys for Defendants
>
>
> By: /s/Robert H. Bernstein
>      ROBERT H. BERNSTEIN
>      A Member of the Firm

Dated: November 5, 2015

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date I caused a copy of the foregoing Notice of Removal, Fed. R. Civ. P. 7.1 Corporate Disclosure Statement, Civil Cover Sheet and Certification pursuant to Local Civil Rule 11.2, to be served upon plaintiffs via UPS overnight delivery, to

> Alexandra Koropey Piazza,
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
>
> Harold Lichten (admitted *pro hac vice*)
> Lichten & Liss-Riordan, P.C.
> 729 Boylston Street, Suite 2000
> Boston, MA 02116
>
> James W. Simpson, Jr. (admitted *pro hac vice*)
> Law Offices of James W. Simpson, Jr. P.C.
> 100 Concord Street, Suite 3B
> Framingham, MA 01702
>
> Attorneys for Plaintiffs

/s/Robert H. Bernstein
ROBERT H. BERNSTEIN

Dated: November 5, 2015