# EXHIBIT D

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN F. PORTILLO, RAFAEL SUAREZ, MARTIN DURAN, GERMAN BENCOSME, EDIN VARGAS, LUIS A. HERNANDEZ, JOSUE PAZ, and ALVARO CASTANEDA,** individually and behalf of all others similarly situated, | : Civ. Action No.: 15-cv-7908-JHR-KMW |
| **Plaintiffs,** | : |
| v. | : |
| **NATIONAL FREIGHT, INC. and NFI INTERACTIVE LOGISTICS, INC.,** | : |
| **Defendants.** | : |

### DECLARATION OF THOMAS FOWLER IN SUPPORT OF PLAINTIFFS' MOTION TO BAR DEFENDANTS FROM ASSERTING RETALIATORY COUNTERCLAIMS

Pursuant to 28 U.S.C. § 1746, I, Thomas Fowler declare that:

1. I am an attorney licensed to practice law in the States of Massachusetts and New York, and am admitted *pro hac vice* to practice before this Court in this action.

2. I am an attorney at the law firm of Lichten & Liss-Riordan, P.C. which, along with Berger Montague PC, is counsel for John F. Portillo, Rafael Suarez, Martin Duran, German Bencosme, Edin Vargas, Luis A. Hernandez, Josue Paz, and Alvaro Castaneda ("Plaintiffs") and a Rule 23 class certified by this court. in the above-captioned action against National Freight, Inc. and Interactive Logistics, Inc ("Defendants" or "NFI").

1

3. The Court in this case issued its amended Opinion granting Plaintiffs' Motion for Class Certification on July 1, 2020 (Dkt. 171).

4. On July 3, 2020, I sent an email to NFI's counsel, Christiana Signs and James Boudreau, asking when Plaintiffs could expect to receive a class list and when NFI would be supplementing its discovery for the class. I also attached a proposed class notice for NFI's review. Rather than providing an expected date for the class list, edits to the proposed notice, or providing supplemental discovery, Mr. Boudreau responded that NFI was considering challenging the class certification decision to the Third Circuit under Fed. R. Civ. P. 23(f)  True and accurate copy of these emails are attached as Exhibit E to Plaintiffs' Motion to Bar Defendants from Asserting Retaliatory Counterclaims.

5. NFI filed its Petition before the Third Circuit under Fed. R. Civ. 23(f) on July 14, 2020. See National Freight, Inc. v. Portillo, No. 20-8029, Dkt. 1-1 (3d Cir. July 14, 2020).

6. The Third Circuit denied NFI's Petition on August 25, 2020. See National Freight, Inc. v. Portillo, No. 20-8029, Dkt. 8 (3d Cir. August 25, 2020).

7. NFI did not provide its edits to Plaintiffs' proposed class notice until August 31, 2020, and when it did, its edits included several additions that Plaintiffs found objectionable. For example, NFI sought to include the contact information for its own counsel, despite the fact that the class members are now represented by

Plaintiffs. Moreover, NFI sought to include the admonition that class members "may have to include certain court costs." NFI also sought to impose an additional limitation on the description of the class on the basis of a release that some class members purportedly signed, even though NFI did not raise that release in its class certification briefing (Dkt. 142 and 156-1). Further, NFI sought to add a warning that absent class members could be forced to participate in additional discovery. A true and accurate copy of NFI's initial edits to Plaintiffs' proposed class notice is attached as Exhibit F to Plaintiffs' Motion to Bar Defendants from Asserting Retaliatory Counterclaims.

8. It was not until September 17, 2020, that NFI submitted its class list to Plaintiffs' counsel. Although Plaintiffs had identified at least 135 contractors who met the class definition, and this information was relied upon by this court in granting certification, NFI's class list only included 92 contractors. A true and accurate copy of NFI's September 17, 2020, Email is attached as Exhibit G to Plaintiffs' Motion to Bar Defendants from Asserting Retaliatory Counterclaims.

9. Throughout the month of September 2020, counsel for Plaintiffs and NFI conferred by email and phone in order to reach an agreement regarding the contents of the proposed class notice, and the number of actual class members. On October 7, 2020, however, NFI's counsel informed Plaintiffs' counsel in an email for the first time that it intended to file a motion to amend its Answer (4 years too

late) in order to assert counterclaims for indemnification against approximately forty-three (43) class members who had signed the 2017 version of NFI's independent contractor agreement. A true and accurate copy of this email is attached as Exhibit H to Plaintiffs' Motion to Bar Defendants from Asserting Retaliatory Counterclaims.

10. NFI also sought to add an explanation of these counterclaims to the proposed class notice explaining that, "if you signed a 2017 Independent Contractor Operating Agreement, it includes a contractual provision that could impact your legal rights should you participate in this case," and "[i]f you are party to the 2017 Agreement, you are encouraged to read it carefully and consult with an attorney regarding your legal rights before choosing to participate in this case." A true and accurate copy of NFI's proposed class notice containing this language is attached as Exhibit I to Plaintiffs' Motion to Bar Defendants from Asserting Retaliatory Counterclaims.

11. Although Plaintiffs object strongly to NFI's right to pursue a counterclaim in this case, Plaintiffs agreed to the form of notice that was filed at Dkt. 175-1, which removed NFI's suggestion that the class members – whom Plaintiffs' counsel now represent – should contact attorneys other than Plaintiffs' counsel as a predicate to deciding whether to opt out from the class. Plaintiffs agreed to this version out of concern that the issuance of notice to the class had become unduly

delayed, raising due process considerations for the class members, and in doing so Plaintiffs reserved the right to raise this matter with the Court.

12. To date no such counterclaims have been filed. Nor has NFI moved to amend the Complaint.

Executed this 27th of October, 2020, in Holliston, Massachusetts.

/s/ *Thomas Fowler*
Thomas Fowler