# EXHIBIT H

| | |
|---|---|
| **Subject:** | RE: Portillo et al. v. National Freight, Inc. et al., No 15-7908 (D.N.J.) - Class List |
| **Date:** | Wednesday, October 7, 2020 at 10:47:42 AM Eastern Daylight Time |
| **From:** | signsc@gtlaw.com |
| **To:** | Thomas Fowler, Zach Rubin, Harold Lichten, SSchalman-Bergen@bm.net, crodriguez@bm.net |
| **CC:** | boudreauj@gtlaw.com, robbc@gtlaw.com |

**Attachments:** image001.png, D-002863-2901 - CONFIDENTIAL.PDF

Thomas, attached is the latest version of the independent contractor agreement rolled out in 2020. As you'll see, it contains not only a TX choice of law provision but a TX venue selection provision requiring contractors to resolve any disputes with NFI in TX. Contractors who signed this agreement cannot possibly be part of your New Jersey class. And we think Judge Rodriguez's order recognizes as much. On your second point, that the data evidences that contractors like Mr. Castaneda performed at least 80% of their deliveries, there is no delivery data for Mr. Castaneda in D002300-2302. So how can that be? A motion for clarification on these issues seems more in order than a motion to hold NFI in contempt of court, but let's discuss to make sure we understand one another. Are you available tomorrow or Friday?

On a separate note, we intend to file a motion to amend our answer to assert a counterclaim for indemnification against class members who signed the 2017 version of the independent contractor agreement. We estimate there are about 43 such class members. We would like to meet and confer to find out whether Plaintiffs will oppose and to discuss adding notice of the counterclaim to the class notice. *See, e.g.*, *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 75 F.R.D. 40, 43 (S.D.N.Y. 1977) ("Plainly, the existence of a counterclaim should be included in the notice as a factor for class members to consider in determining whether or not to exclude themselves from the class."). We can discuss this on our call as well. Just let us know what works in terms of timing.

Best,
Christy

---

**From:** Thomas Fowler <tfowler@llrlaw.com>
**Sent:** Tuesday, October 6, 2020 7:40 PM
**To:** Signs, Christiana L. (Shld-Phil-Labor-EmpLaw) <signsc@gtlaw.com>; Zach Rubin <zrubin@llrlaw.com>; Harold Lichten <hlichten@llrlaw.com>; SSchalman-Bergen@bm.net; crodriguez@bm.net
**Cc:** Boudreau, James N. (Shld-Phi-Labor-EmpLaw) <boudreauj@gtlaw.com>; Robb, Caroline R. (Assoc-PHIL-Labor-EmpLaw) <robbc@gtlaw.com>
**Subject:** Re: Portillo et al. v. National Freight, Inc. et al., No 15-7908 (D.N.J.) - Class List

Hi Christy,

Thank you for your explanation, but we think you're completely off base. First, you state that thirty-six (36) of the contractors are not in the class because they signed the version of the independent contractor agreement with the choice of law provision. However, we know from the data that NFI produce that all but two of these individuals started working for NFI prior to 2019 when that version of the contract was implemented. Judge Rodriguez's class certification order only excluded people from the class if they had **only** signed the Texas version. All of those individuals would have previously signed New Jersey versions if they worked for NFI prior to 2019, meaning that they are properly part of the class. If you do not promptly supplement the class list to include them, we are going to move for contempt of court.

Second, you cite twelve (12) contractors who did not perform at least 80% of the deliveries assigned to them,

including named Plaintiff Alvaro Castaneda. You didn't say which specific contractors the twelve were, but all of the contractors on the list we sent you were individuals who performed 80% of the deliveries assigned to them as evidenced by the data that NFI produced in D002300-2302. Therefore we think your assertion is incorrect. For example, we know that Alvaro Castaneda worked full time and did not regularly use a secondary driver. Again, the class list should be supplemented to include these individuals or we will need to move for contempt.

Lastly, Sarah will be following up with some additions to the joint report as well as a proposal regarding the language of the notice.

Best,
Thomas


Thomas Fowler, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
tfowler@llrlaw.com