**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN F. PORTILLO, RAFAEL SUAREZ, MARTIN DURAN, GERMAN BENCOSME, EDIN VARGAS, LUIS A. HERNANDEZ, JOSUE PAZ, and ALAVARO CASTANEDA, individually and on behalf of all others similarly situated,<br><br><br>Plaintiffs,<br><br>*vs*.<br><br><br>NATIONAL FREIGHT, INC. and NFI INTERACTIVE LOGISTICS, INC.,<br><br><br>Defendants. | CIVIL ACTION NO. 15-cv-7908-JHR-KMW<br><br><br><br>**Opinion** |

This matter comes before the Court on Plaintiffs' Motion to Bar Defendants from Asserting Retaliatory Counterclaims ("Motion to Bar") [Dkt. 177, 186] and Defendants National Freight, Inc. and NFI Interactive Logistics, Inc.'s ("NFI") response thereto [Dkt. 183], as well as NFI's Motion for Leave to Assert Counterclaims ("Motion for Leave") [Dkt. 194, 210] and Plaintiffs' response thereto [Dkt. 205]. For the reasons set forth below, the Court denies Plaintiffs' Motion to Bar as moot and denies NFI's Motion for Leave as futile.

## I.   Background

The named Plaintiffs in this case represent a class of truck drivers who contracted with NFI—a provider of logistics, transportation, and distribution services—to deliver food and other

1

goods from NFI warehouses to Trader Joe's retail stores on the East coast.  *Portillo v. Nat'l Freight, Inc.*, 336 F.R.D. 85, 87 (D.N.J. 2020).  Plaintiffs initiated this lawsuit in 2015 alleging that NFI misclassified them as independent contractors and, as a result, that certain deductions that NFI withdrew from Plaintiffs' compensation violated the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. 34:11-4.1 *et seq.*  [Dkt 1, Compl.; *see also* Dkt. 102, Am. Compl.].  On July 1, 2020, the Court certified the plaintiff class under Federal Rule of Civil Procedure 23(b) to include

> [a]ll individuals who: (1) entered into, either personally or through a corporate entity, an independent contractor agreement with NFI that had a New Jersey choice-of-law clause; and (2) drove a vehicle on a full-time basis to perform deliveries of goods to Trader Joe's stores anywhere on the East Coast on behalf of NFI at any time since June 22, 2009.

[Dkt. 171].

All Plaintiffs in this case—named Plaintiffs and absent class Plaintiffs alike—signed an "independent contractor agreement" ("ICA") with NFI that nominally classifies them as independent contractors rather than employees.  [*Id.*].  NFI has used four different ICA's since 2009.  [*Id.*].  This matter concerns an ICA which NFI began to use in 2017 (the "2017 Agreement").  The 2017 Agreement includes an indemnity clause which states the following, in pertinent part:

> **SECTION 18 AND OTHER PROVISIONS OF THIS AGREEMENT REFLECT THAT CONTRACTOR IS, AND BOTH CONTRACTOR AND CARRIER INTEND CONTRACTOR TO BE, AN INDEPENDENT CONTRACTOR, NOT AN EMPLOYEE OF CARRIER. IN LIGHT OF THIS FACT AND INTENT: Notwithstanding Subsection (a) of this Section and not subject to the limits of Subsection (b) of this Section, CONTRACTOR agrees to indemnify and hold CARRIER harmless from all reasonable**

2

**attorney's expenses CARRIER incurs in defending against any claims, suits, actions, or administrative proceedings brought by CONTRACTOR, CONTRACTOR's owner (if any), or any employees or other personnel engaged by CONTRACTOR to perform services under this Agreement or any third party that allege that CONTRACTOR or any of CONTRACTOR's workers is an employee of CARRIER.**

(the "Indemnity Clause") [Dkt. 177-2, Exh. A at ¶ 15(f) (emphasis in original)].  None of the named Plaintiffs signed the 2017 Agreement.  [*See* Dkt. 194 at 6; Dkt. 205 at 15].  Before class notices were distributed to putative class members, NFI informed Plaintiffs' counsel that NFI would move to amend their answer to enforce the Indemnity Clause against class members who signed the 2017 Agreement by asserting counterclaims.  [Dkt. 177-1 at 13].  Plaintiffs peremptorily filed their Motion to Bar NFI from asserting counterclaims based on the 2017 Agreement's Indemnity Clause.  [*See* Dkt. 177].

After Plaintiffs filed their Motion to Bar, the Court approved the parties' agreed-upon Notice of Class Action on November 6, 2020, and Plaintiffs' counsel distributed these class notices to putative class members.  [Dkt. 175, 182].  On January 6, 2021, Plaintiffs notified NFI that no putative class members objected to or opted out of the class by the December 27, 2020 opt-out deadline.  [Dkt. 194-3 at 6].  Among the absent class members who did not opt out of the class, thirty-three (33) signed the 2017 Agreement.  [Dkt. 194-3 at 60].  Defendants filed their Motion for Leave to assert counterclaims against these thirty-three absent class members.  [Dkt. 194-3].

In a March 18, 2021 Order, the Court advised the parties that it would consider Plaintiffs' Motion to Bar alongside NFI's Motion for Leave because the parties' briefs present substantially similar arguments and largely rely on the same authority for both motions.  [Dkt. 220].  The

parties also incorporate their Motion to Bar briefing into their Motion for Leave briefing by reference.  [Dkt. 194 at 14–15; Dkt. 205 at 16].  Because the parties have incorporated their Motion to Bar briefing by reference, the Court will deny Plaintiffs' Motion to Bar as moot and rule on the arguments presented therein on NFI's Motion for Leave.

## II.    Standing and Ripeness

In its opposition to Plaintiffs' Motion to Bar, NFI argues that Plaintiffs' challenge to NFI's counterclaims were premature and not ripe for adjudication.  [Dkt. 183 at 12–13].  NFI also argues that Plaintiffs lack prudential standing to defend against counterclaims on behalf of absent class members.  [*Id.* at 11–12].  While Plaintiffs' Motion to Bar was pending, NFI moved to assert the counterclaims which Plaintiffs sought to preempt with their Motion to Bar.  NFI's Motion for Leave established a live controversy between the parties with respect to NFI's indemnity counterclaims.  *See Lewis v. Alexander*, 685 F.3d 325, 341 (3d Cir. 2012) ("Ripeness requires 'a substantial controversy, between parties having'" immediately adverse legal interests (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941))).  NFI's ripeness argument is therefore moot.  *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of Virgin Islands*, 842 F.3d 201, 208, 65 V.I. 468, 477 (3d Cir. 2016) ("A case is moot when 'the issues presented are no longer live….'" (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L.Ed.2d 642 (1979))).

To the extent that NFI has incorporated its prudential standing argument by reference, the Court rejects this argument as well.  Prudential standing "'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'"  *Fife v. Barr*, 469 F. Supp. 3d 279, 290 (D.N.J.

2020) (quoting *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 289, 128 S. Ct. 2531, 2544, 171 L. Ed. 2d 424 (2008)).  Among other concerns, "prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights…." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12, 124 S. Ct. 2301, 2309, 159 L. Ed. 2d 98 (2004), *abrogated by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) (citations and quotations omitted).

NFI argues that the named Plaintiffs lack prudential standing to contest NFI's counterclaims because the named Plaintiffs did not sign the 2017 Agreement and cannot assert claims on behalf of absent class members who did sign the 2017 Agreement.  [Dkt. 183 at 10–11].  But by its very nature, "a class action is a *representative* action brought by a named plaintiff or plaintiffs." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 364 (3d Cir. 2015) (emphasis in the original).  When certifying a class, a district court must confirm that "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and that "the named plaintiffs have the ability and the incentive to vigorously represent the claims of the class." *In re Cmty. Bank of N. Virginia Mortg. Lending Practices Litig.*, 795 F.3d 380, 393 (3d Cir. 2015).  Indeed, named plaintiffs must "protect the interests of all class members." *Com. of Pa. v. Loc. Union 542, Int'l Union of Operating Engineers*, 90 F.R.D. 589, 593 (E.D. Pa. 1981) (quoting *Gonzales v. Cassidy*, 474 F.2d 67, 76 (5th Cir. 1973)).  Throughout class litigation, the district court must serve as "the guardian of the rights of the absentees" to ensure that named plaintiffs satisfy this obligation. *Larson v. AT & T Mobility LLC*, 687 F.3d 109, 130 (3d Cir. 2012) (quoting *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 (3d Cir. 1973)). *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 105 S. Ct. 2965, 2974, 86 L. Ed. 2d

5

628 (1985) ("[An absent class member] may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").

Due to the representative nature of class actions and the class representatives' obligation to "vigorously represent" all class members, "[w]hether or not the named plaintiff who meets individual standing requirements may assert the rights of absent class members is not a standing issue, but depends rather on meeting the prerequisites of [Federal Rule of Civil Procedure 23]...." *In re Asbestos Sch. Litig.*, 104 F.R.D. 422, 425 (E.D. Pa. 1984), *amended*, 107 F.R.D. 215 (E.D. Pa. 1985), *and aff'd in part, rev'd in part sub nom. In re Sch. Asbestos Litig.*, 789 F.2d 996 (3d Cir. 1986) (quoting 1 H. Newberg, Newberg on Class Actions § 1072a, at 124 (1977)). Here, the Court already determined that the named Plaintiffs satisfied Rule 23's requirements when it certified the class. The named Plaintiffs thus have prudential standing to defend against NFI's counterclaims on behalf of absent class members.

## III.  Motion for Leave

### a.  Standard of Review

Federal Rule of Civil Procedure 15 governs amended pleadings and provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While courts "should freely give leave when justice so requires," the decision to grant leave to amend responsive pleadings is "addressed to the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Thus, a court may deny a motion for leave where the court finds "(1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Luppino v. Mercedes-Benz USA, LLC*, No. 09-CV-5582 DMC-JAD, 2012 WL 850743, at *2

(D.N.J. Mar. 8, 2012) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).  "'Futility' means that the [pleading], as amended, would fail to state a claim upon which relief could be granted."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).  "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Id.*  "The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted."  *Luppino*, 2012 WL 850743, at *2.

Plaintiffs argue that NFI's Motion for Leave is untimely, futile, and asserted in bad faith. Among their futility arguments, Plaintiffs maintain that NFI cannot assert counterclaims against absent class members as a matter of law because absent class members are not "opposing parties" for the purposes of Federal Rule of Civil Procedure 13.  [Dkt. 205 at 19–23].  The Court agrees that NFI cannot assert counterclaims against absent class members and finds that NFI's proposed amendment to its responsive pleading is futile.

**b.  Rule 13 Overview**

Federal Rule of Civil Procedure 13 governs compulsory and permissive counterclaims. In pertinent part, Rule 13 states

(a) COMPULSORY COUNTERCLAIM.

(1) *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an **opposing party** if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

….

7

>      (b) PERMISSIVE COUNTERCLAIM. A pleading may state as a
>      counterclaim against an **opposing party** any claim that is not
>      compulsory.

Fed. R. Civ. P. 13 (boldface added for emphasis).

Outside of class actions, a plaintiff against whom a defendant seeks to assert

counterclaims is an "opposing party."  But as one commentator has noted, "the class action

defendant has a peculiar opponent—a class rather than a single individual or entity."  3 Newberg

on Class Actions § 9:24 (5th ed.).  As discussed above, a plaintiff class is comprised of named

plaintiffs who "vigorously represent the claims of the class," *In re Cmty. Bank of N. Virginia*

*Mortg. Lending Practices Litig.*, 795 F.3d at 393, and absent class members who are "not

required to do anything.  [They] may sit back and allow the litigation to run its course, content in

knowing that there are safeguards provided for [their] protection."  *Shutts*, 472 U.S. at 810.  Put

differently, an absent class member "is not required to fend for himself."  *Id.* at 809.

"Counterclaims in class actions are therefore unlike counterclaims in ordinary litigation…."  3

Newberg on Class Actions § 9:24 (5th ed.).

Given absent class plaintiffs' uniquely passive role, courts nationwide have found that

defendants cannot draw absent class members into the foreground of a class action suit by

asserting counterclaims under Rule 13.  For example, the Eleventh Circuit found in *Allapattah*

*Services, Inc. v. Exxon Corp.* that "Rule 13 … is inapplicable in class action suits, because

'absent class members are not opposing or litigating adversaries for purposes of Rule 13.'"  333

F.3d 1248, 1260 (11th Cir. 2003), *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*,

545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Owner–Operator Indep.*

*Drivers Ass'n v. Arctic Express, Inc.*, 238 F. Supp. 2d 963, 967 (S.D. Ohio 2003)); *see also*

*Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 213 F.R.D. 537, 546 n.5 (W.D. Mo. 2002), *aff'd*, 339 F.3d 1001 (8th Cir. 2003) ("Rule 13 has no application in the class action context because unnamed class members are not considered 'opposing parties' under that rule."); *Fielder v. Credit Acceptance Corp.*, 175 F.R.D. 313, 321 (W.D. Mo. 1997) ("This Court finds that Rule 13 of the Federal Rules of Civil Procedure is not applicable in class actions."); *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 363–64 (S.D. Ga. 1996), *aff'd sub nom. Jones v. H & R Block Tax Servs.*, 117 F.3d 1433 (11th Cir. 1997); *Johns v. Rozet*, 141 F.R.D. 211, 219 n.7 (D.D.C. 1992) ("[T]here are strong reasons to hold that Rule 13 counterclaims may not be brought against unnamed class members."); *Enter. Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980) ("Unquestionably, there are contexts in which absent class members should not be deemed parties, as for example in connection with counterclaims under Rule 13." (citing *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489 (S.D.N.Y. 1973))); *In re Indep. Gasoline Antitrust Litig.*, 79 F.R.D. 552, 559 (D. Md. 1978) ("[S]ignificant authority supports the view that unnamed class members are not opposing parties within the meaning of Federal Rule of Civil Procedure 13.") (citations omitted).

One court in this district has already found *Allapattah* to be "compelling, particularly in light of the rationale against deeming an absent class member to be 'an opposing party.'"[1]

---

[1] To be sure, there are important practical and jurisdictional reasons to bar defendants from asserting counterclaims against absent class members:

> First, counterclaims threaten to undermine the key purpose of the class suit—the efficiency gains of resolving the class's claims in a single adjudication—as they add layers of claims and complexity to the proceeding.

*Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 223 (D.N.J. 2014).  The Court here agrees with *Korrow* and the chorus of cases cited above, and finds that absent class members are not "opposing parties" under Rule 13.  Consequently, absent class members are not subject to compulsory or permissive counterclaims under Rule 13.

This conclusion that absent class members are not "parties" for the purposes of Rule 13 conforms to federal courts' piecemeal application of procedural rules to absent class members. The Supreme Court has determined that "[n]onnamed class members … may be parties for some purposes and not for others.  The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 9–10, 122 S. Ct. 2005, 2010, 153 L. Ed. 2d 27 (2002).  As a result, courts regularly treat absent class members differently from named plaintiffs when applying procedural rules and statutes.  For example, absent class members "are not parties

--------------------

> ….
>
> Third, counterclaims raise perplexing jurisdictional problems. Because absent class members are not expected to participate in a class suit, the Supreme Court has held that the class action court need not have personal jurisdiction over them in the conventional sense of territorial connection.  Yet if a counterclaim is filed against absent class members, the Due Process Clause arguably entitles them to have that claim adjudicated in a court to which they have some connection.
>
> Fourth, counterclaims raised against absent class members as a group effectively create a "defendant class action," a form of litigation that also raises a host of jurisdictional and other complications.

3 Newberg on Class Actions § 9:24 (5th ed.).

for purposes of determining whether there is complete diversity of citizenship in cases governed by state substantive law." *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820 (N.D. Ill. 2018) (citing *Devlin*, 536 U.S. at 10). Nor are absent class members treated as parties when determining whether venue is proper. *See* 7A Fed. Prac. & Proc. Civ. § 1757 (3d ed.) ("The general rule is that only the residence of the named parties is relevant for determining whether venue is proper."). And if named class members have established Article III standing, individual absent class members need not satisfy Article III standing to join a class. *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 367 (3d Cir. 2015). Thus, the Court's finding here that absent class members are not "parties" under Rule 13 is consistent with federal courts' pattern of treating absent class members differently from named plaintiffs.

### c. Application

Having concluded that defendants cannot assert compulsory or permissive counterclaims against absent class members as a matter of law, the Court finds that NFI cannot assert counterclaims here and that NFI's proposed responsive pleading would be futile.

Defendants concede that none of the named Plaintiffs signed the 2017 Agreement containing the Indemnity Clause which Defendants seek to enforce through counterclaims. [*See* Dkt. 194-3 at 20]. Yet Defendants maintain that they should be permitted to assert counterclaims against absent class members for four reasons. First, Defendants cite to several cases where courts have permitted counterclaims against absent class members. [Dkt. 194-3 at 20–21] (citing *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 75 F.R.D. 40, 43 (S.D.N.Y. 1977); *Bd. of Educ. of Twp. High Sch. Dist. No. 214 v. Climatemp, Inc.*, No. 79 C 3144, 1981 WL 2033, at *6 (N.D. Ill. Feb. 20, 1981); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 636 (D.

11

Mass. 1984); *In re Fin. Partners Class Action Litig.*, 597 F. Supp. 686, 689 (N.D. Ill. 1984; *Ex parte Water Works & Sewer Bd. of City of Birmingham*, 738 So. 2d 783, 792 (Ala. 1998); *Rollins v. Sears, Roebuck & Co.*, 71 F.R.D. 540, 543 (E.D. La. 1976); *Wolfson v. Artisans Sav. Bank*, 83 F.R.D. 552, 555 (D. Del. 1979)).  However, the Court finds that these cases are inconsistent with the weight of more-recent authority and absent class members' limited role in class litigation as discussed above.

Second, Defendants argue that *Korrow* is distinguishable from this case because the counterclaims asserted in *Korrow* threatened to open a "Pandora's box" of factual issues that would complicate the class litigation.  [Dkt. 194-3 at 24].  Defendants argue that their straight-forward counterclaims would not present the same difficulties.  [*Id.* at 24–25].  However, the *Korrow* court only considered how the defendant's counterclaims would affect the litigation as an alternative basis for denying the counterclaims after it already concluded that "'absent class members are not opposing or litigating adversaries for purposes of Rule 13.'"  *Korrow*, 300 F.R.D. at 223 (quoting *Allapattah Servs., Inc.*, 333 F.3d at 1260).  Further, the conclusion that absent class members are not "parties" under Rule 13 does not hinge on the nature or complexity of the counterclaims.

Third, Defendants argue that even if the absent class members are not "opposing parties" under Rule 13, the Court should use its discretion to permit Defendants' counterclaims here.  [Dkt. 210 at 9] (citing *Allapattah Servs., Inc.*, 333 F.3d 1248 at n.14 ("[I]t follows that any counterclaims that may be permitted in a class action are not governed by Rule 13 and are purely discretionary with the court.")).  The Court declines to do so.  As the Supreme Court has acknowledged, "an absent class-action plaintiff is not required to do anything.  He may sit back

12

and allow the litigation to run its course….” *Shutts*, 472 U.S. at 809.  Since absent class

members need not “do anything” in class litigation, subjecting absent Plaintiffs to counterclaims

here would be “anomalous.”  3 Newberg on Class Actions § 9:24 (5th ed.).

Finally, Defendants argue that they must bring their counterclaims now because the entire

controversy doctrine will preclude them from doing so in the future.  [Dkt. 194-3 at 21].

However, “a dismissal by a federal court on jurisdictional grounds does not bar the pursuit of

those same claims in a later action.” *Korrow*, 300 F.R.D. at 224 (citing *Kozyra v. Allen*, 973 F.2d

1110, 1112 (3d Cir.1992) (“[T]he party whose claim is being sought to be barred must have had

a fair and reasonable opportunity to have fully litigated that claim in the original action.”) and

*Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 591 A.2d 592, 605 (1991)

(“[B]ecause the federal court judgment was not on the merits, it does not preclude plaintiffs from

raising their state claims in state court.”)).

In sum, the Court finds that NFI cannot assert its indemnity counterclaims against absent

class members based on the 2017 Agreement and declines to exercise its discretion to permit

these counterclaims.  NFI only seeks to amend its responsive pleading to assert its indemnity

counterclaims.  The Court therefore finds that granting NFI leave to amend its answer would be

futile and denies NFI's Motion for Leave on this ground alone.  The Court declines to address

Plaintiffs' alternative arguments for dismissal based on futility, timeliness, and bad faith.

**IV.** **Conclusion**

      For the reasons stated above, the Court denies Plaintiffs' Motion to Bar as moot, and denies NFI's Motion for Leave as futile.  An appropriate order will follow.


May 11, 2021                                    /s/ Joseph H. Rodriguez       

                                              Hon. Joseph H. Rodriguez, U.S.D.J.