**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN F. PORTILLO, RAFAEL SUAREZ,** | **: Civ. Action No.: 15-cv-7908-JHR-KMW** |
| **MARTIN DURAN, GERMAN BENCOSME,** | **:** |
| **EDIN VARGAS, LUIS A. HERNANDEZ,** | **: <u>Document Electronically Filed</u>** |
| **JOSUE PAZ, and ALVARO CASTANEDA,** | **:** |
| **individually and behalf of all others similarly** | **:** |
| **situated,** | **:** |
| | **:** |
| **Plaintiffs,** | **:** |
| | **:** |
| **v.** | **:** |
| | **:** |
| **NATIONAL FREIGHT, INC. and NFI** | **:** |
| **INTERACTIVE LOGISTICS, INC.,** | **:** |
| | **:** |
| **Defendants.** | **:** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S "MOTION TO
DECERTIFY BASED ON NEW LEGAL AUTHORITY"**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................1

II.     BACKGROUND ........................................................................................3

III.    ARGUMENT...............................................................................................5

        A.      NFI's Motion Seeks To Re-Litigate Settled Issues And
                Should be Denied Outright........................................................5

                1.      NFI's Belated Request for Reconsideration of the
                        Court's Choice of Law Determination Should Be
                        Summarily Denied ........................................................5

                2.      The Court's Choice Of Law Determination Should
                        Not Be Undone, As It Is The Law of The Case .........................9

                3.      Likewise, NFI's Efforts to Re-litigate the Class-Wide
                        Nature of Plaintiffs' Damages Should Be Rejected ................11

                4.      NFI Fails To Meet The Standard For Decertification,
                        And Its Motion Should Be Rejected Outright For
                        This Reason As Well ...............................................12

        B.      Even Were the Court to Consider NFI's Motion, The Court
                Should Deny It In Its Entirety ............................................16

                1.      The Seventh Circuit's Decision In Diakon Provides
                        No Basis For This Court to Alter Its Choice of Law
                        Ruling Or Upend Its Class Certification
                        Determination...........................................................16

                2.      NFI's Complaints Regarding Plaintiffs' Damages Are
                        Unfounded And Do Not Warrant The Drastic Step of
                        Decertification.........................................................22

IV.     CONCLUSION.........................................................................................30

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>800 Cooper Fin., LLC v. Liu</u>,
    No. CV 16-736 (JHR/JS), 2022 WL 3369660 (D.N.J. Aug. 16,
    2022) ............................................................................................................9

<u>Arizona v. California</u>,
    460 U.S. 605, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983) ...............................9

<u>Barkouras v. Hecker</u>,
    No. CIV. 06-0366 (AET), 2007 WL 4545896 (D.N.J. Dec. 19,
    2007) ..........................................................................................................12

<u>Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv.</u>,
    42 F.4th 174 (3d Cir. 2022) ........................................................................10

<u>Bowerman v. Field Asset Servs., Inc.</u>,
    39 F.4th 652 (9th Cir. 2022) ................................................................. 28, 29

<u>Carr v. Flowers Foods, Inc.</u>,
    No. CV 15-6391, 2019 WL 2027299 (E.D. Pa. May 7, 2019)......................25

<u>Carrow v. FedEx Ground Package Sys., Inc.</u>,
    No. CV 16-3026 (RBK/JS), 2019 WL 7184548 (D.N.J. Dec. 26,
    2019) ..........................................................................................................25

<u>Centennial Mill by Del Webb Cmty. Ass'n, Inc. v. Ply Gem Holdings,
    Inc.</u>,
    2018 WL 3085210 (D.N.J. June 22, 2018)..................................................22

<u>Collins On behalf of herself v. Mary Kay, Inc.</u>,
    874 F.3d 176 (3d Cir. 2017) ........................................................................22

<u>Comcast Corp. v. Behrend</u>,
    569 U.S. 27 (2013)............................................................................... 23, 24

<u>Crespo v. Kismet Executive Limousine Service, Inc.</u>,
    2018 WL 3599738 (D.N.J. July 27, 2018) ..................................................27

Dalton v. 3M Co.,
    No. CV 10-113-SLR-SRF, 2013 WL 4886658 (D. Del. Sept. 12,
    2013) ............................................................................................................10

Eddystone Rail Co., LLC v. Bridger Logistics, LLC,
    No. 5:17-CV-00495-JDW, 2022 WL 1768853 (E.D. Pa. Mar. 21,
    2022) ............................................................................................................10

Elias v. Ungar's Food Prod., Inc.,
    No. CIV.A. 06-2448KSH, 2009 WL 2581502 (D.N.J. Aug. 20,
    2009) ............................................................................................................12

Fleisher v. Phoenix Life Ins. Co.,
    No. 11 CIV. 8405 CM JCF, 2014 WL 409164 (S.D.N.Y. Jan. 31,
    2014) ..............................................................................................................6

Fleming v. Matco Tools Corp.,
    2021 WL 673445 (N.D. Cal. Feb. 21, 2021) ................................................26

Gomez v. H&M Int'l Transportation, Inc.,
    No. 17CV231KSHCLW, 2021 WL 4473155 (D.N.J. Sept. 30,
    2021) ..............................................................................................................7

Gortat v. Capala Bros.,
    No. 07 CIV. 3629 ILG SMG, 2012 WL 1116495 (E.D.N.Y. Apr.
    3, 2012) ................................................................................................ 13, 15

In re Processed Egg Prod. Antitrust Litig.,
    No. 08-MD-2002, 2017 WL 3494221 (E.D. Pa. Aug. 14, 2017)........... 13, 15

In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust
    Litig.,
    967 F.3d 264 (3d Cir. 2020) .........................................................................23

Instructional Sys., Inc. v. Comput. Curriculum Corp.,
    130 N.J. 324, 614 A.2d 124 (1992) .............................................................22

Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.,
    702 F. Supp. 2d 295 (D.N.J. 2010)................................................................8

Joc, Inc. v. ExxonMobil Oil Corp.,
  No. CV 08-5344 (FSH), 2010 WL 11475896 (D.N.J. July 12, 2010) ............................................................................................7

Johnson v. Diakon Logistics, Inc.,
  44 F.4th 1048 (7th Cir. 2022) ............................................................. passim

Korrow v. Aaron's Inc.,
  No. CV 10-6317, 2015 WL 7720491 (D.N.J. Nov. 30, 2015) ......................12

McCormick v. Maquet Cardiovascular US Sales LLC,
  No. 2:15-CV-7670-KM-MAH, 2018 WL 3696572 (D.N.J. Aug. 3, 2018) ..........................................................................................22

Miller v. Metzger,
  No. 21-2223, 2022 WL 4820322 (3d Cir. Oct. 3, 2022) .................................7

Neale v. Volvo Cars of North Am., LLC,
  794 F.3d 353 (3d Cir. 2015) ................................................................. 23, 24

P.V. ex rel. T.V. v. Camp Jaycee,
  197 N.J. 132, 962 A.2d 453 (2008) ..............................................................17

Portillo v. Nat'l Freight,
  No. 20-8029 (3d. Cir.) ..............................................................................4, 5

Portillo v. Nat'l Freight, Inc.,
  323 F. Supp. 3d 646 (D.N.J. 2018) ...................................................... passim

Portillo v. Nat'l Freight, Inc.,
  336 F.R.D. 85 (D.N.J. 2020) ....................................................... 4, 5, 11, 19

Portillo v. National Freight Inc.,
  --- F. Supp. 3d ---, 2022 WL 2078276 (D.N.J. June 9, 2022) ............ 3, 25, 29

Reilly v. City of Atl. City,
  No. CIV.A.03-5975JEIJS, 2010 WL 2179159 (D.N.J. May 27, 2010) ..........................................................................................7

Silipena v. Am. Pulverizer Co.,
  No. 16-711, 2021 WL 1214550 (D.N.J. Mar. 31, 2021) ................................6

<u>SuperMedia LLC v. Morley</u>,
    No. CIV.A. 12-2329, 2014 WL 5023386 (E.D. Pa. Oct. 8, 2014)................10

<u>Thomas v. Blocker</u>,
    2022 WL 2870151 (3d Cir. July 21, 2022......................................................9

**Statutes**

New Jersey Wage and Hour Law,
    N.J. Stat. § 34:11-56(a)(4) ...........................................................................26

New Jersey Wage Payment Law ("NJWPL"),
    N.J. Stat. § 34:11-4.1 *et seq.* ............................................................... passim

**Other Authorities**

3 Newberg and Rubenstein on Class Actions § 7:37
    (6th ed.)........................................................................................................12

Restatement (Second) of Conflicts of Law,
    Section 145 ............................................................................................ 17, 20

Restatement (Second) of Conflicts of Law,
    Section 187 ...................................................................................... 2, 20, 21, 22

Restatement (Second) of Conflicts of Law,
    Section 188 ............................................................................................ 17, 22

Restatement (Second) of Conflicts of Law,
    Section 6 ........................................................................................................17

**Rules**

Fed. R. Civ. P. 23(f) .................................................................................................4, 5

Fed. R. Civ. P. 26 ......................................................................................................14

L. Civ. R. 7.1(i) ............................................................................................................6

## I.        INTRODUCTION

After *seven years* of litigation, extensive motion practice (including motions for summary judgment, class certification, determination of choice of law), significant discovery (depositions, written discovery, and document productions), and now on the eve of trial as to damages – the court having certified the class and granted summary judgment as to plaintiffs' employment status – NFI attempts a desperate Hail Mary pass by filing a belated motion for reconsideration (in the guise of a motion for "decertification") arguing that the Court should "decertify" the class action in this case because the Court got it wrong in its choice of law ruling and because, in NFI's view, Plaintiffs' damages are not determinable class-wide. NFI's Motion is meritless and should be rejected.

The Court should not even consider NFI's Motion. Though styled as a "Motion Decertify Based on New Legal Authority," NFI's Motion is really a belated request for reconsideration of this Court's prior decisions –yet it wholly fails to meet the stringent standard for reconsideration in the Third Circuit. Indeed, the "new legal authority" that NFI asserts should upend this Court's choice of law determination and *years* of litigation is a non-binding decision from the Seventh Circuit that is unrelated to this Court's choice of law determination. And even were the Court to construe NFI's Motion as one for decertification, NFI has failed to point to an actual, compelling development in the litigation to warrant the drastic step of

1

decertification. For these reasons, the Court should not even entertain NFI's Motion.

Yet even were the Court to consider NFI's Motion, it should be wholly rejected, as NFI's choice of law and damages-related complaints lack merit. Specifically, the Seventh Circuit's decision in <u>Johnson v. Diakon Logistics, Inc.</u>, 44 F.4th 1048 (7th Cir. 2022) has no bearing on the choice of law analysis that this Court undertook pursuant to the Restatement (Second) of Conflicts of Law, and NFI's Motion would invite this Court to abandon established Third Circuit and New Jersey precedent.

And critically, as described throughout, NFI's damages-related arguments are a complete red herring, as the damages in this case are simple and straightforward. Here, the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. § 34:11-4.1 *et seq.* specifically states that deducting or diverting wages from workers' pay is unlawful unless the deduction is permitted by statute. Thus, calculating damages in this case could not be easier – it is just what was deducted from the drivers' pay, which is a simple calculation utilizing NFI's own class-wide records, as this Court previously observed when granting class certification. As such, even were the Court to reach NFI's arguments (which it should not), they should be rejected.

At bottom, NFI does not come close to justifying its request for the drastic relief that it seeks. NFI's Motion is an overt effort to delay the trial in this case, and as set forth herein, it should be denied in its entirety.

## II.     BACKGROUND

Plaintiffs and the Class are former delivery drivers who worked for NFI delivering goods to Trader Joe's Stores on the Eastern Seaboard since 2009. <u>See</u> First Am. Compl. Dkt. 102. NFI is a New Jersey-based company that provides delivery services to companies all over the country. This matter has involved seven years of litigation, culminating in this Court's finding that NFI misclassified its Trader Joe's delivery drivers as independent contractors under New Jersey law. <u>See</u> <u>Portillo v. National Freight Inc.</u>, --- F. Supp. 3d ---, 2022 WL 2078276, at *12-15 (D.N.J. June 9, 2022).

This matter is now proceeding to trial on the sole issue of Plaintiffs' damages. Specifically, Plaintiffs assert that, as a result of their misclassification, NFI violated the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. § 34:11-4.1 *et seq.*, by making deductions from its delivery drivers' compensation for items such as fuel, occupational accident insurance, physical damage insurance, equipment, and various other fines. The trial in this matter will thus be limited to the questions of what deductions NFI made from the compensation of Plaintiffs and the Class (and the amounts thereof), and whether the NJWPL authorized any of those deductions. <u>See</u> N.J. Stat. 34:11-4.4; <u>see also</u> <u>Portillo</u>, 2022 WL 2078276, at *21-24 (denying NFI's motion for summary judgment on the issue of deductions and explaining that the deductions that Plaintiffs suffered and whether Plaintiffs are entitled to recover the

3

amounts of those deductions as damages remain open questions). On August 19, 2022, Plaintiffs provided to NFI their Fourth Supplemental Initial Disclosures, which sets forth Plaintiffs' class-wide calculations of their deductions damages based on the class-wide data that NFI provided in discovery. The Parties' Final Pretrial Conference is scheduled for November 17, 2022. See Dkt. 306.

NFI's instant Motion seeks to revisit two issues that NFI has previously raised throughout the years of litigation in this matter. First, NFI seeks to revisit this Court's determination that New Jersey law applies to this matter, as set forth in its opinion of June 11, 2018, see Portillo v. Nat'l Freight, Inc., 323 F. Supp. 3d 646, 651-64 (D.N.J. 2018) ("2018 COL Decision"). NFI first sought to upend this determination when opposing Plaintiff's Motion for Class Certification, arguing that the Court's June 11, 2018, choice of law determination should not be applied class-wide, which this Court rejected in granting Plaintiffs' Motion for Class Certification. See Portillo v. Nat'l Freight, Inc., 336 F.R.D. 85, 88-91 (D.N.J. 2020) ("2020 Class Certification Decision"). And following the Court's certification of the class action in this matter, NFI again raised its disagreement with the Court's choice of law determination by way of its Fed. R. Civ. P. 23(f) petition to the Third Circuit, which the Third Circuit denied. See generally Portillo v. Nat'l Freight, No. 20-8029 (3d. Cir.).

Second, NFI asserts that damages in this matter are not determinable class-wide. NFI first raised this argument when opposing Plaintiffs' Motion for Class

Certification in 2019, asserting that "Plaintiffs' evidence of illegal deductions is individualized" and "Plaintiffs' evidence damages is individualized." 2020 Class Certification Decision, 336 F.R.D. at 94, n.4. The Court rejected these arguments as "meritless," explaining that "[t]hese issues can plainly be decided on common evidence, including spreadsheets already provided in discovery." Id. NFI then raised this issue in its Fed. R. Civ. P. 23(f) petition to the Third Circuit, which the Third Circuit denied. See generally Portillo v. Nat'l Freight, No. 20-8029 (3d. Cir.).

As explained throughout, NFI's Motion comes on the eve of trial, in a desperate effort to stall. It should be wholly rejected.

## III.      ARGUMENT

### A.      NFI's Motion Seeks To Re-Litigate Settled Issues And Should be Denied Outright

NFI has filed a "Motion to Decertify" the class action in this case, yet NFI's Motion is not one for decertification at all – it is a brazen attempt to relitigate settled issues based on non-meritorious arguments. As set forth below, NFI's Motion should be denied outright.

#### 1.      NFI's Belated Request for Reconsideration of the Court's Choice of Law Determination Should Be Summarily Denied

In its papers, NFI admits that its real motive is reconsideration, see Mot. at 9-10 (asking the Court to "reconsider its prior holding" regarding "which law

applies").[1] NFI's belated efforts to relitigate the Court's choice of law determination should be rejected at the outset.

As an initial matter, Local Rule 7.1(i) provides that Motions for Reconsideration shall be filed "within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i). The Court issued its choice of law determination on June 11, 2018, see 2018 COL Decision, 323 F. Supp. 3d 646. NFI's Motion, filed on September 23, 2022, comes *years* too late, and should be rejected for this reason alone.

Moreover, even if NFI's Motion were timely, NFI's Motion fails to meet the stringent standard for seeking reconsideration. Indeed, reconsideration "is an extraordinary remedy and is granted sparingly." Silipena v. Am. Pulverizer Co., No. 16-711, 2021 WL 1214550, at *1 (D.N.J. Mar. 31, 2021) (Rodriguez, J.) (internal quotation marks and citations omitted). A party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or

---

[1]     See, e.g, Fleisher v. Phoenix Life Ins. Co., No. 11 CIV. 8405 CM JCF, 2014 WL 409164, at *1 (S.D.N.Y. Jan. 31, 2014) (observing that "motion to decertify" was "really an untimely motion for reconsideration of an earlier motion for reconsideration" and denying same).

fact or to prevent manifest injustice." <u>Miller v. Metzger</u>, No. 21-2223, 2022 WL 4820322, at *3 (3d Cir. Oct. 3, 2022) (internal quotation marks and citation omitted).

Critically, NFI cannot establish that *any* of these grounds warrant reconsideration of the Court's choice of law determination. Indeed, NFI's Motion points **_only_** to the Seventh Circuit's decision in <u>Diakon</u>, 44 F.4th 1048, which NFI admits is "not binding precedent on this Court," <u>see</u> Motion at 8.

It is axiomatic that out-of-circuit decisions are not controlling on this court, and certainly do not supply a basis for entertaining NFI's "extraordinary" request for reconsideration. The very nature of the federal judicial system dictates that out-of-circuit, non-binding decisions do not and should function to upend a district court's prior rulings. <u>See, e.g.</u>, <u>Gomez v. H&M Int'l Transportation, Inc.</u>, No. 17CV231KSHCLW, 2021 WL 4473155, at *3 (D.N.J. Sept. 30, 2021) (Hayden, J.) (denying motion for reconsideration, finding "unavailing," *inter alia,* the Defendant's "reliance on a host of out-of-circuit (and therefore not controlling) cases"); <u>Reilly v. City of Atl. City</u>, No. CIV.A.03-5975JEIJS, 2010 WL 2179159, at *2 (D.N.J. May 27, 2010) (Irenas, J.) (where Defendant sought reconsideration based on a later-issued Ninth Circuit opinion, finding that the Ninth Circuit's decision "has not changed the controlling law in *this* circuit, [and] Defendants' motion must fail." (emphasis in original)); <u>Joc, Inc. v. ExxonMobil Oil Corp.</u>, No. CV 08-5344 (FSH), 2010 WL 11475896, at *2 (D.N.J. July 12, 2010) (Hochberg,

J.) (denying request for reconsideration where, *inter alia,* "Defendant cites a host of cases from other circuits that are not controlling and cannot point to any Third Circuit law that bars the action taken by this Court"); Interfaith Cmty. Org. Inc. v. PPG Indus., Inc., 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (Greenaway, J.) (noting that "other districts and circuit courts of appeal" are "not controlling on this Court"). Thus, the Seventh Circuit's opinion in Diakon provides no basis for the Court's reconsideration of its choice of law determination. Moreover, even were the Court to entertain NFI's Motion – which it should not – as discussed below, Diakon does not supply a basis for this Court to reverse its prior ruling and years of subsequent litigation.

Because NFI's Motion fails to present ***any*** cognizable ground[2] for the Court to even entertain a request for reconsideration of the choice of law determination, the request should be denied outright.

---

[2] Without citing any case law, NFI also states in its motion that "[r]econsideration also creates an opportunity to resolve conflicting findings," pointing to purported differences between the Court's class certification and summary judgment decisions. See Mot. at 10. Setting aside the substantive issues with NFI's argument, as set forth above, this plainly ***not*** the standard for reconsideration. And even if this were a cognizable basis for reconsideration, this request is undeniably untimely, as the Court issued its summary judgment decision on June 9, 2022, and the fourteen-day deadline for seeking reconsideration on this ground would have been June 23, 2022 – NFI's Motion, filed on September 23, 2022, and on the eve of trial, comes *months* too late. The Court should accordingly reject NFI's efforts to seek reconsideration on this basis.

**2.      The Court's Choice Of Law Determination Should Not Be Undone, As It Is The Law of The Case**

The Court should reject NFI's efforts to relitigate the choice of law issue on the eve of trial for the additional reason that the Court's choice of law determination is the law of the case.

The law of the case doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." 800 Cooper Fin., LLC v. Liu, No. CV 16-736 (JHR/JS), 2022 WL 3369660, at *4 (D.N.J. Aug. 16, 2022) (Rodriguez, J.) (internal quotation marks and citations omitted).[3] Under the law of the case doctrine, like the stringent standard for reconsideration described above, a court may revisit previously decided issues only if an "extraordinary" exception applies: "1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." Thomas v. Blocker, 2022 WL 2870151, at *3 n. 6 (3d Cir. July 21, 2022). These exceptions are "narrow." Schneyder v. Smith, 709 F. Supp. 2d 368, 383 (E.D. Pa. 2010), aff'd, 653 F.3d 313 (3d Cir. 2011). As described above, NFI has not established that any

---

[3]      See also Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983), decision supplemented, 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984) (explaining "the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

of these extraordinary exceptions apply, the Court should not undo its choice of law ruling that has governed this litigation for *years*.

Critically, the Court's choice of law ruling is the law of the case, and NFI has not shown that "extraordinary circumstances" warrant the Court's undoing of this decision. See, e.g., SuperMedia LLC v. Morley, No. CIV.A. 12-2329, 2014 WL 5023386, at *10 (E.D. Pa. Oct. 8, 2014) (finding that "it is well-established that once the Court adopts a choice of law rule, as we did here, choice of law is settled under the "law of the case" doctrine and will not be revisited absent extraordinary circumstances" and rejecting party's effort to apply different law).[4] Instead, NFI cites only to an indisputably non-binding Seventh Circuit case that NFI argues warrants undoing the Court's choice of law determination as well as the *years* of litigation subsequent to and in reliance on this decision. This non-binding, out-of-circuit case is not an "extraordinary circumstance" that would justify this Court entertaining NFI's request that it undo the law of the case. See, e.g., Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv., 42 F.4th 174, 181 (3d Cir. 2022) (rejecting request to depart from law of the case where party failed to identify

---

[4]    See also, e.g., Eddystone Rail Co., LLC v. Bridger Logistics, LLC, No. 5:17-CV-00495-JDW, 2022 WL 1768853, at *1 (E.D. Pa. Mar. 21, 2022) (rejecting efforts to relitigate court's determination that Pennsylvania law applies to matter); Dalton v. 3M Co., No. CV 10-113-SLR-SRF, 2013 WL 4886658, at *5 (D. Del. Sept. 12, 2013), report and recommendation adopted, No. CV 10-113-SLR/SRF, 2013 WL 5486813 (D. Del. Oct. 1, 2013) (finding no "extraordinary circumstance" present to depart from choice of law ruling).

any "on-point binding precedent with which [the decision] conflicts"). NFI's Motion should be rejected for this reason as well.

### 3. Likewise, NFI's Efforts to Re-litigate the Class-Wide Nature of Plaintiffs' Damages Should Be Rejected

As with its efforts to seek reconsideration of the settled choice of law question, NFI's efforts to relitigate the class-wide nature of Plaintiffs' damages should be summarily rejected. As noted above, NFI has *twice* before made the dubious assertion that Plaintiffs' damages are not susceptible to class-wide proof, and it has twice lost.

Critically, this Court has *already* rejected NFI's assertion that Plaintiffs' damages are not determinable class-wide. 2020 Class Certification Decision, 336 F.R.D. at 94, n.4. Indeed, this Court deemed "meritless" NFI's assertions that Plaintiffs' damages are "individualized" because "[t]hese issues can plainly be decided on common evidence, including spreadsheets already provided in discovery." Id. Plaintiffs damages *are* determinable class-wide based on these spreadsheets, and Plaintiffs have calculated their class-wide damages and provided same to NFI.

As with its efforts to seek reconsideration of the settled choice of law question, NFI's efforts to relitigate the class-wide nature of Plaintiffs' damages should be summarily rejected.

11

4.     **NFI Fails To Meet The Standard For Decertification, And Its Motion Should Be Rejected Outright For This Reason As Well**

NFI's Motion fails to meet the standard necessary to justify this Court taking the drastic measure of decertifying a class action. Thus, even were the Court to construe NFI's choice-of-law arguments as a request for decertification (which it is not), the Court should find that NFI's Motion fails. And for these same reasons, NFI's arguments that decertification is warranted because "[n]either the wage deductions nor the damages Plaintiffs claim are susceptible to proof classwide" fail as well, see Mot. at 13.

Decertification of a class action is an "extreme step." Korrow v. Aaron's Inc., No. CV 10-6317, 2015 WL 7720491, at *10 (D.N.J. Nov. 30, 2015) (internal quotation marks and citation omitted); accord 3 Newberg and Rubenstein on Class Actions § 7:37 (6th ed.) (explaining that "decertification is a drastic step, not to be taken lightly" (internal quotation marks and citations omitted)). "The party seeking to decertify a class action has the burden of showing changed circumstances that would warrant the decertification of the class action." Barkouras v. Hecker, No. CIV. 06-0366 (AET), 2007 WL 4545896, at *1 (D.N.J. Dec. 19, 2007) (internal quotation marks and citation omitted).[5] Indeed, "decertification must be justified by actual,

_____

[5]     Accord Elias v. Ungar's Food Prod., Inc., No. CIV.A. 06-2448KSH, 2009 WL 2581502, at *5 (D.N.J. Aug. 20, 2009) ("In order to warrant motion practice to decertify the earlier-certified class, the Court must be presented with a changed

compelling developments in the litigation" as "[g]enerally, class decertification is prompted by a change in factual circumstances or developments in applicable substantive or procedural law." In re Processed Egg Prod. Antitrust Litig., No. 08-MD-2002, 2017 WL 3494221, at *3 (E.D. Pa. Aug. 14, 2017). Moreover, the Court should "consider the stage of the litigation and whether an eve-of-trial decertification could adversely and unfairly prejudice class members, who may be unable to protect their own interests." Gortat v. Capala Bros., No. 07 CIV. 3629 ILG SMG, 2012 WL 1116495, at *2 (E.D.N.Y. Apr. 3, 2012), aff'd, 568 F. App'x. 78 (2d Cir. 2014) (internal quotation marks and citations omitted). NFI's Motion fails to meet the applicable standard, and decertification at this eleventh hour would be highly prejudicial to Plaintiffs and the drivers.

Critically, NFI has pointed to **_no_** new or changed circumstances that would warrant an upending of the Court's certification of the class in this case. As articulated at length above, NFI's citation to an out-of-circuit case that is not binding on this Court does not constitute an "actual, compelling development[] in the litigation." In re Processed Egg Prod. Antitrust Litig., 2017 WL 3494221, at *3. Nor does NFI demonstrate that decertification is warranted based on its contention that Plaintiffs' damages are not susceptible to class-wide proof – this is a legal argument

---

factual situation that renders the original certification unsound." (internal quotation marks and citation omitted)).

(albeit meritless) based on no new facts or developments in the litigation, which plainly does not meet the standard for decertification. Indeed, the closest NFI comes to articulating a changed circumstance is NFI's casting of the computation of Plaintiff's damages, and disclosure of same pursuant to Fed. R. Civ. P. 26, as new information. See Mot. at 13. Yet the valuation of Plaintiffs' damages is not a changed circumstance that would justify this Court's consideration of a decertification motion.

Further, even if the computation of Plaintiffs' damages could be considered such a development warranting the "drastic step" of decertification, the method by which Plaintiffs would calculate damages has been known for *years* – this is not new information. As an initial matter, Plaintiffs' damages in this case are straightforward, as they are provided for in the NJWPL – as such, the computation of Plaintiffs' damages has been part of this case at least since Plaintiffs filed their First Amended Complaint alleging NJWPL claims on August 13, 2018. At the very least, on January 25, 2022, Plaintiffs *expressly* articulated the computation of damages when moving to strike the expert report of NFI's expert witness Dr. Robert B. Speakman, Dkt. 270, explaining that "Plaintiffs and the class are entitled to recover the full amount of deductions that NFI unlawfully took from their compensation" because the plain language of the NJWPL "unambiguously states what damages are available" and

"the NJWPL – **not** Dr. Speakman – sets forth what damages are available in this case." Dkt. 270, 2-3 & 12-18.

NFI cannot credibly claim that Plaintiffs' computation of damages pursuant to the NJWPL is a change in circumstances warranting decertification. Because NFI fails to point to any "change[s] in factual circumstances or developments in applicable substantive or procedural law," In re Processed Egg Prod. Antitrust Litig., 2017 WL 3494221, at *3, NFI's request for decertification should be rejected.

What is more, decertification would be *highly* prejudicial at this late stage, following *years* of litigation and Plaintiffs' and the drivers' reliance on the Court's prior rulings and certification of the class in this case. See, e.g., Gortat, 2012 WL 1116495, at *4 (rejecting late-stage decertification motion, finding that the "11th hour motion is of the sort that, if granted, would prejudice members of the class who have not taken independent steps to protect their rights precisely because they were members of the class"). NFI's meritless and highly prejudicial efforts to stall the trial in this case should be summarily rejected.[6]

---

[6]   Indeed, were this court to decertify at this late date, all of the class members would have to be advised of the decertification, see, e.g., Culver v. City of Milwaukee, 277 F.3d 908, 913-14 (7th Cir. 2002) (requiring notice of decertification of class), and each of them would seek to join individually, thereby resulting in what could easily be over 100 plaintiffs joining the case at this time, requiring over 100 witnesses, etc. The result would be an overwhelming waste of this Court's resources, and an incredible duplication of time.

**B.      Even Were the Court to Consider NFI's Motion, The Court Should Deny It In Its Entirety**

Even were the Court to entertain NFI's Motion – which, for the reasons described above, it should not – the Court should find that NFI's arguments provide no basis for this Court to overturn its prior rulings on the eve of trial.

**1.      The Seventh Circuit's Decision In Diakon Provides No Basis For This Court to Alter Its Choice of Law Ruling Or Upend Its Class Certification Determination**

As stated above, NFI points to a non-binding, out-of-circuit decision that it contends compels the Court to take the extreme step of reversing its prior ruling and years of litigation. NFI's argument is a non-starter for all of the reasons described above.

Yet even were the Court to reach NFI's argument, it should be rejected. As described above, in this case, the late Honorable Jerome B. Simandle found that New Jersey law applies to this matter. NFI has presented no reason to depart from this ruling or to support its assertion that "decertification" is warranted.

In his analysis regarding the applicable law, Judge Simandle first found that the New Jersey choice of law provision in the agreements at issue did not "dispositively dictate the choice of New Jersey law," as he found that they were not phrased broadly enough. 2018 COL Decision, 323 F. Supp. 3d at 658. Because he found that the choice of law provision did not encompass the misclassification claims at issue, Judge Simandle then engaged in an analysis under the "most

16

significant relationship test" of Restatement (Second) of Conflicts of Law Sections 145 and 6 to determine which substantive law to apply.[7] See generally id.

In his lengthy analysis, Judge Simandle explained, *inter alia*, that that the Parties' "legal, contractual relationship was centered in New Jersey, as Plaintiffs (who knowingly took on the highly mobile work of truck-driving) chose to enter into contracts with a New Jersey corporation, with its principal place of business in New Jersey, and understood the Defendants to wish to apply New Jersey law to

---

[7]   Judge Simandle described that "[w]ith an actual conflict between the laws of the potentially relevant states, courts must determine, by reference to the Restatement, which state has the most significant relationship to the case and parties." 2018 COL Decision, 323 F. Supp. 3d at 658 (quoting P.V. ex rel. T.V. v. Camp Jaycee, 197 N.J. 132, 962 A.2d 453 (2008) (alterations omitted)). "The Second Restatement assessment takes place on an issue-by-issue basis. It is qualitative, not quantitative." Id.
Judge Simandle explained that Restatement Section 145 calls for the following "[c]ontacts to be taken into account when applying the principles of" Restatement Section 6: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Id.
And Section 6 provides that factors relevant include: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Id.
Plaintiffs note that while Judge Simandle utilized Restatement (Second) of Conflict of Laws Section 145, construing the claims at issue as tort claims, Section 188, applicable to parties' rights under a contract in the absence of a choice of law provision, also evaluates the "most significant relationship" and the principles of Section 6.

contractual disputes—regardless of their own states of residence." 2018 COL Decision, 323 F. Supp. 3d at 659-60. In concluding that New Jersey law applied, Judge Simandle also found that NFI's "operations are primarily in New Jersey," id. at 663, having highlighted earlier in his opinion that NFI is both incorporated in and maintains its principal place of business in New Jersey and that relevant operational processes occur in New Jersey – for example, NFI's Driver Payroll Department, which is located in Vorhees, NJ, receives "batch collect[s]" of driver trip sheets every one or two days, reviews them for accuracy, and then informs the Accounts Payable Department, located in Cherry Hill, NJ, which generates paychecks for drivers and use either direct-deposit or postal mail to transmit the paychecks to the drivers. Id. at 650. And "Drivers with questions about their pay would "typically" first approach a Logistics and/or Payroll Coordinator in the Nazareth [Pennsylvania] Location and (if their questions were not answered) then would be directed to reach out 'to the My–NFI service center, a toll-free call center staffed in Voorhees, NJ.'" Id. (quoting Dkt. 89).[8]

Judge Simandle also explained that "Defendants are the more sophisticated party and the drafters of the contract; they elected to be bound (with regard to

---

[8]    Following oral argument, the Court directed the Parties to submit a notice stating the physical locations from which Defendants' made deductions from Plaintiffs' compensation checks. NFI submitted a declaration that Plaintiffs did not dispute for the purposes of the underlying motion regarding the applicable law. See Dkt. 89.

contract claims) by New Jersey law and to bind the drivers to New Jersey law with regard to such claims, and Plaintiffs also seek to apply New Jersey law," and "[w]hile the Court . . . does not find that the scope of that provision encompasses the Plaintiffs' claims literally and directly, the Court does note that giving effect to the reasonable expectations of the parties to a contract is one of the important factors in a choice-of-law analysis under the Restatement." Id. at 663. And in granting Plaintiffs' Motion for Class Certification, this Court reiterated the prior conclusion that New Jersey law applies, highlighting the considerations that went into Judge Simandle's analysis under the Restatement's "most significant relationship" inquiry – including the New Jersey choice of law provision, which the Court explained was an important aspect of that inquiry for many of the reasons discussed above. See 2020 Class Certification Decision, 336 F.R.D. at 89-91.

NFI argues that "Diakon makes clear [that] where the plaintiffs assert a statutory wage claim arising out of an independent contractor misclassification theory, the choice-of-law provision in a disavowed ICOA cannot answer the question of which law applies" and suggests that reconsideration is warranted because "[t]his court expressly held otherwise." See Mot. at 9. Yet here, the Court did not hold otherwise, as it found that the choice of law provision did *not* "encompass[] the Plaintiffs' claims literally and directly" (and it therefore did *not* automatically dictate the application of New Jersey law); rather, the Court

considered the choice of law provision as an important factor when engaging in an analysis under the Restatement's "most significant relationship test." 2018 COL Decision, 323 F. Supp. 3d at 651 (explaining that "the Court disagrees [with Plaintiffs] that their contracts compel selection of New Jersey substantive law, but acknowledges that the New Jersey choice-of-law provision will be an important factor in applying the 'most significant relationship' test as required by New Jersey's choice-of-law jurisprudence").

Further, while NFI seeks to apply Diakon to upend the Court's analysis under Restatement Section 145's "most significant relationship" inquiry, see Mot. at 11, it is irrefutable that Diakon did *not* involve an analysis under Restatement Section 145. Thus, NFI's suggestion that Diakon functions to upend the Court's application of the "most significant relationship" test (and supposedly functions to defeat class certification) is wholly unfounded.[9]

---

[9]    In Diakon, drivers in Illinois who were misclassified as independent contractors signed contracts providing that Virginia law, which at the time had no wage statute, would be applied to any claim. 44 F.4th at 1049-50. Pointing to Restatement Section 187(b), Plaintiffs argued that the Virginia choice of law provision should not govern the substantive claims at issue, because Illinois had a greater interest in the matter, and its very strict statute limiting independent contractor misclassification reflected a fundamental policy of that state. See Opening Brief of Plaintiffs-Appellants, Diakon, 21-2886, Dkt. 24 (Feb. 7, 2022). But plaintiffs never argued that the Restatement was irrelevant. However, in its ruling, the Seventh Circuit contradicted years of Illinois law applying Section 187 of the Restatement by ignoring Section 187 and finding the choice of law provisions to be inapplicable. See generally, Diakon, 44 F.4th at 1049-53. The Diakon opinion cited to *no* provision of the Restatement, nor did it undertake an analogous analysis. Id.

Notably, NFI's Motion fails for the additional reason that it invites a disregard of established Third Circuit precedent. Specifically, though Judge Simandle found to the contrary, Plaintiffs maintain that the scope of the choice of law provision *is* broad enough to encompass Plaintiffs' claims that they were misclassified as independent contractors.[10] And New Jersey[11] unquestionably follows the Restatement (Second) of Conflicts of Law, Section 187(2), which provides that a choice of law provision in a contract signed by the parties *will be applied*, unless one of two exceptions applies.[12] Yet NFI's Motion invites courts to wholly ignore the

_____

Thus, <u>Diakon</u> also runs counter to established Third Circuit and New Jersey precedent and should not be followed for this reason as well.

[10]   The choice of law provisions provide: (1) post-2009 "Independent Contractor Operating Agreement": "This Agreement shall be interpreted in accordance with, and governed by, the laws of the United States and, of the State of New Jersey, without regard to the choice-of-law rules of New Jersey or any other jurisdiction . . ." and (2) 2009 "Lessor and Lease Operating Agreements": "This Agreement shall be governed by laws of the State of New Jersey, both as to interpretation and performance." <u>See</u> 2018 COL Decision, 323 F. Supp. at 648-49.

[11]   When faced with whether to apply a "choice of law" provision, the Third Circuit follows the general rule that it will apply the choice of law principles of the state in which the court sits – here, New Jersey. 2018 COL Decision, 323 F. Supp. 3d at 651.

[12]   Section 187(2) provides that the "law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest

choice of law provisions in parties' contracts, in total disregard of the Restatement and established Third Circuit and New Jersey precedent, [13] and based solely on a Seventh Circuit opinion that has not been adopted or approved by the Third Circuit. This position is untenable and NFI's Motion fails for this reason as well.

### 2. NFI's Complaints Regarding Plaintiffs' Damages Are Unfounded And Do Not Warrant The Drastic Step of Decertification

NFI's motion manufactures an argument that damages are not determinable on a class-wide basis, which it boldly contends should upend the Court's class certification ruling. Setting aside that this is NFI's *third* assertion of this argument and that NFI wholly fails to justify its request for decertification as discussed at

---

than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." <u>See</u> Restatement (Second) of Conflict of Laws § 187(2).

[13]    <u>See, e.g.,</u> <u>Collins On behalf of herself v. Mary Kay, Inc.</u>, 874 F.3d 176, 184 (3d Cir. 2017) (explaining that "New Jersey choice-of-law rules provide that '[o]rdinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice'" and "New Jersey looks to Restatement § 187 to determine under what circumstances a choice-of-law clause will *not* be respected" (quoting <u>Instructional Sys., Inc. v. Comput. Curriculum Corp.</u>, 130 N.J. 324, 614 A.2d 124, 133 (1992)); <u>Centennial Mill by Del Webb Cmty. Ass'n, Inc. v. Ply Gem Holdings, Inc.</u>, 2018 WL 3085210, at *2 (D.N.J. June 22, 2018) (same); <u>see also, e.g.,</u> <u>McCormick v. Maquet Cardiovascular US Sales LLC</u>, No. 2:15-CV-7670-KM-MAH, 2018 WL 3696572, at *8 (D.N.J. Aug. 3, 2018) (explaining that "[i]n New Jersey, parties' contractual choice of law governs unless it violates New Jersey's public policy," describing the Restatement 187 inquiry, and enforcing New Jersey choice of law provision).

length above, the damages at issue in this matter are straightforward, set by the NJWPL, and have been calculated on a class-wide basis utilizing class-wide data that NFI provided.[14] NFI cannot credibly argue to the contrary. Thus, even were the Court to entertain NFI's arguments, they should be rejected outright.

As an initial matter, it bears noting that it is well established that class certification is not defeated where there are individualized questions with respect to the calculation of damages, see, e.g., In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust Litig., 967 F.3d 264, 272 (3d Cir. 2020) (explaining that "individual questions" like the "allocating the damages" does not preclude class certification). Thus, while NFI's Motion makes hay about purported "individualized issues" and "[i]ndividualized damages questions" – which, as described herein, are not accurate statements – these assertions do not in fact provide any basis for the Court to revisit its class certification determination (even assuming that NFI met the standard for seeking decertification, which it has not).[15]

---

[14]    Indeed, NFI attaches as Exhibit 1 to its Motion Plaintiffs' Fourth Supplemental Initial Disclosures, which sets forth its class-wide deductions damages based on the class-wide data that NFI provided.

[15]    NFI cites primarily to the Supreme Court's decision in Comcast Corp. v. Behrend, 569 U.S. 27 (2013), and critically, NFI misrepresents Comcast as holding that certification is not proper unless a plaintiff can establish that damages can be measured class-wide. See Mot. at 16, 19. The Third Circuit has specifically noted that this is not the holding of Comcast. See Neale v. Volvo Cars of North Am., LLC, 794 F.3d 353, 374 & n.10 (3d Cir. 2015) (collecting cases that indicate, among other things, that Comcast requires a damages calculation to reflect *the theory of liability*

Moreover, even if these allegations could supply a basis for the Court to revisit its class certification decision (which they do not), NFI's arguments are without merit. Here, NFI makes two complaints regarding Plaintiffs' entitlement to damages: first, NFI posits that it did not pay "wages" to the drivers; and second, NFI asserts that the "standard economic method" (not the dictates of the NJWPL) should be used to compute damages in this case. See generally Motion at 13-21. These arguments fail.

*First*, NFI begins with the absurd proposition that the amounts paid by NFI to the drivers were not "wages" and were therefore not subject to the NJWPL, as the NJWPL only protects deductions made from "wages." Critically, NFI's argument that the payments to the drivers were not "wages" is an argument that is *common to the entire class*. This argument plainly cannot function to undo class certification as NFI posits (even setting aside that, as described at length above, it certainly does not justify the extreme step of decertification).

_____

- *not that damages be measurable on a class-wide basis*). The court in Neale cited to the dissent in Comcast for the proposition that it is nearly universally accepted that individual damages calculations do not preclude certification under Rule 23(b)(3). Id. at 374-75 (citing Comcast, 569 U.S. at 41 (Ginsburg, J. & Breyer, J., dissenting)). There is no question here that the damages sought are traceable to Plaintiffs' theory of liability, and as explained throughout, the damages in this case are straightforward, derive entirely from the NJWPL, and have in fact been calculated on a class-wide basis utilizing NFI's class-wide data.

Moreover, this argument is completely without merit. Indeed, the NJWPL defines "wages" as "the direct monetary compensation for *labor or services rendered* by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J. Stat. § 34:11-4.1. One is left to wonder what the drivers' weekly compensation checks *were* if not wages. The drivers performed work for NFI and got paid for it.

Notably, in a NJWPL misclassification case similarly involving a claim that weekly "settlement payments themselves were Plaintiffs' rightful wages," Judge Kugler explained that "Plaintiffs need only establish that they were Defendant's employees and that Defendant took deductions from settlement payments . . .." Carrow v. FedEx Ground Package Sys., Inc., No. CV 16-3026 (RBK/JS), 2019 WL 7184548, at *3 (D.N.J. Dec. 26, 2019). See also, e.g., Carr v. Flowers Foods, Inc., No. CV 15-6391, 2019 WL 2027299, at *20 (E.D. Pa. May 7, 2019) (explaining that the Plaintiff's NJWPL claim "is susceptible to class-wide proof, because it may be proven through common evidence regarding the categories of deductions and Flowers' asserted justifications for those deductions"). And here, Plaintiffs have demonstrated that they were NFI's employees, see Portillo v. Nat'l Freight, Inc., 2022 WL 2078276 (D.N.J. June 9, 2022) (granting Plaintiff's motion for summary judgment on the issue of employee status); thus, the sole issue remaining for trial in

25

this case is the extent of and amount of improper deductions from their weekly

compensation. NFI does not and cannot demonstrate that the drivers' compensation

is not "wages" subject to the protections of the NJWPL.

Furthermore, NFI appears to have overlooked the ironically pyrrhic nature of

its argument with respect to the definition of "wages," which is that if the

compensation that it paid the drivers was not wages, then NFI is liable for tens of

millions *more* dollars under the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-

56(a)(4), by failing to play the drivers minimum wage.[16]

---

[16]     NFI attempts to analogize to <u>Fleming v. Matco Tools Corp.</u>, 2021 WL 673445
(N.D. Cal. Feb. 21, 2021), yet in that case the Court denied class certification on the
plaintiff's California wage deduction claim because it was "barely mention[ed]" in
the class certification motion and the plaintiff bore the burden of establishing that
certification was warranted on that claim but failed "included no meaningful
discussion of it." What is more, that case did not involve the NJWPL and the <u>Fleming</u>
plaintiff and proposed class were compensated off the profits earned by reselling
goods to customers. By contrast, here, the drivers were paid by NFI and it cannot be
disputed that NFI made the deductions that Plaintiffs claim are unlawful, as
demonstrated by the class-wide data produced in this case. <u>Fleming</u> has no bearing
on this matter.
         It also bears noting that in granting class certification on Plaintiff's expense
reimbursement claim in <u>Fleming</u>, the court *rejected* the Defendant's argument that
"individualized questions will predominate" in determining damages – the same
argument that NFI advances here – observing that "[i]ndividual questions going to
damages generally do not justify denying class certification," <u>Fleming</u>, 2021 WL
673445, at *14.

*Second,* NFI next attempts to argue that a factfinder must utilize the "standard economic method" for computing damages, which NFI posits is not susceptible to class-wide proof. This argument is contrary to the NJWPL and should be rejected.

NFI has submitted an expert report by Dr. Robert Speakman, Jr., which Plaintiffs have moved to strike (Dkt. 270), in which Dr. Speakman opines that NFI is entitled to an offset against the deductions damages that supposedly wipes out damages altogether. More specifically, Speakman asserts that the class members supposedly made more money as independent contractors than they would have made had NFI classified them as employees, that NFI is entitled to a credit toward its deductions damages for that difference, and that this inquiry is not susceptible to class-wide proof. See generally Mot. at 16-20.

NFI's argument fails, however, as the drivers' damages are dictated by the NJWPL – not Dr. Speakman. Indeed, "New Jersey state law provides that an employer may not withhold or divert an employee's wages unless the employer is empowered to do so by New Jersey or United States law or unless the amounts withheld or diverted [are] for specific, itemized reasons set forth in the statute." Crespo v. Kismet Executive Limousine Service, Inc., 2018 WL 3599738, at *6 (D.N.J. July 27, 2018) (citing N.J. Stat. § 34:11:4-4). Section 34:11-4.10(c) of the NJWPL states in relevant part that: "If any employer fails to pay the full amount of wages to an employee agreed to or required by [the NJWPL], the employee may

recover in a civil action **the full amount of any wages due** . . . , plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court . . . ." (emphasis added). Therefore, as stated throughout, the damages in this case are simply the amount of deductions that NFI unlawfully made from the class members' compensation in violation of the NJWPL, which Plaintiffs have calculated on a class-wide basis.[17]

Seemingly recognizing the weakness of its argument, NFI also insists that Plaintiffs' NJWPL damages model raises individualized issues, asserting that Plaintiffs would have to offset any damages with the benefit of tax write-offs for claimed business expenses. Of course, NFI does not cite any authority for this position whatsoever, and again, it contradicts the plain language of the NJWPL. See N.J. Stat. § 34:11:4-10(c).[18]

---

[17]    And here again, Plaintiffs note that the method by which damages will be calculated – namely, pursuant to the NJWPL or Dr. Speakman – is a question that is *common to the entire class*, and any suggestion to the contrary should be rejected.

[18]    NFI's assertion that a class-wide calculation of this supposedly-required offset is "impossible" warranting decertification, see Mot. at 19-20, is thus a non-starter. NFI's arguments and cited case law have no bearing on this matter, where, as stated repeatedly, class-wide damages in this matter are determinable class-wide and have been calculated using class-wide data that NFI produced in this case.

Likewise, the Court should reject NFI's assertion that superiority is lacking because of the per-person value of the damages at issue – even were this argument a valid basis for decertification (which it is not), the Bowerman opinion that NFI cites in support of this argument *itself* acknowledges that the "large damages awards

Finally, Plaintiffs stress that this case is fast approaching trial on the sole issue of Plaintiffs' damages – any disagreement that NFI has with regard to Plaintiffs' entitlement to damages should accordingly be advanced in connection with the trial in this case, not in the guise of a "Motion to Decertify" brought in a desperate effort to stall. Indeed, as stated above, all that remains for trial is for Plaintiffs to demonstrate the amount of deductions that NFI made from the drivers' compensation, and for the Court to determine whether or not any categories of those deductions were authorized by the NJWPL. See Portillo v. Nat'l Freight, Inc., ---F. Supp. 3d ---, 2022 WL 2078276, at *24 (D.N.J. June 9, 2022) (granting Plaintiffs' Motion for Summary Judgment). That's it. Any arguments related to these straightforward issues should be raised in connection with the trial on Plaintiffs' damages – not in a "Motion to Decertify."

As stated above, the damages at issue in this matter are straightforward, set by the NJWPL, and have been calculated utilizing class-wide data that NFI provided. NFI's disagreement with Plaintiffs' entitlement to damages in this case does not justify the extreme relief that it seeks, and NFI's Motion should be rejected in its entirety.

---

the class members stand to gain *are not sufficient on their own* to overcome Rule 23(b)(3) certification." Bowerman v. Field Asset Servs., Inc., 39 F.4th 652, 663 (9th Cir. 2022) (emphasis added).

## IV.     CONCLUSION

For the foregoing reasons, NFI's Motion should be denied in its entirety.

Dated: October 24, 2022                  Respectfully submitted,

/s/ Zachary Rubin
Zachary Rubin NJ Bar No. 179052015
Harold Lichten (*pro hac vice*)
Sarah Schalman-Bergen (*pro hac vice*)
Thomas Fowler *(pro hac vice)*
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
zrubin@llrlaw.com
hlichten@llrlaw.com
ssb@llrlaw.com
tfowler@llrlaw.com

Alexandra Koropey Piazza
NJ Bar No. 010922013
Shanon J. Carson (*pro hac vice*)
Camille Fundora Rodriguez,
NJ Bar No. 017642011
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
apiazza@bm.net
crodriguez@bm.net
scarson@bm.net

*Attorneys for Plaintiffs*

## CERTICATE OF SERVICE

I hereby certify that on October 24, 2022, a true and correct copy of the

foregoing document was served on all counsel of record electronically via CM/ECF.

<u>/s/ Zachary Rubin</u>
Zachary Rubin