# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN F. PORTILLO, RAFAEL SUAREZ, MARTIN DURAN, GERMAN BENCOSME, EDIN VARGAS, LUIS A. HERNANDEZ, JOSUE PAZ, and ALAVARO CASTANEDA, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>*vs.*<br><br>NATIONAL FREIGHT, INC. and NFI INTERACTIVE LOGISTICS, INC.,<br><br>       Defendants. | No. 15-cv-7908-JHR-MJS<br><br>Judge Joseph H. Rodriguez<br>Magistrate Judge Matthew J. Skahill<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DECERTIFY BASED ON NEW LEGAL AUTHORITY**<br><br>**<u>Oral Argument Requested</u>**<br><br>Motion Date: Nov. 7, 2022 |

# TABLE OF CONTENTS

I.   THE COURT MAY GRANT THE RELIEF REQUESTED............................................ 2

   A.   NFI's Motion Is Not A Motion for Reconsideration............................................ 2

   B.   The Law-of-the-Case Doctrine Supports NFI's Motion to Decertify......................... 4

II.  THE NEW JERSEY WAGE PAYMENT LAW DOES NOT APPLY............................. 7

   A.   There Is No Dispute This Court Applied The Wrong Analysis When It Held The New Jersey Wage Payment Law Applies. ............................................................................... 7

   B.   Plaintiffs' "Wrong Analysis, Right Result" Theory Cannot Prevail. .......................... 9

III.  LACK OF A CONGRUENT DAMAGES METHODOLOGY AND NFI'S DAMAGES DEFENSES WARRANT DECERTIFICATION. ............................................. 11

IV.  RULE 23 DOES NOT PERMIT A CLASS ACTION MERELY BECAUSE A CLASS WILL OTHERWISE BE PREJUDICED................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barnes v. Am. Tobacco Co.*,
  161 F.3d 127 (3d Cir. 1998) ........................................................................14, 16

*Bayshore Ford Truck v. Ford Motor Co.*,
  No. CIV. A. 99-741 JLL, 2010 WL 415329 (D.N.J. Jan. 29, 2010) ...................5

*Bridger Coal Co. v. Dir., Off. of Workers' Comp. Programs, U.S.
  Dep't of Lab.*,
  669 F.3d 1183 (10th Cir. 2012) ......................................................................5, 6

*Castro v. United States*,
  540 U.S. 375 (2003)............................................................................................5

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)......................................................................................14, 15

*In re FleetBoston Financial Corporation Securities Litigation*,
  No. CIV A 02-4561 (GEB), 2007 WL 4225832 (D.N.J. Nov. 28,
  2007) ...................................................................................................................3

*Fleisher v. Phoenix Life Insurance Co.*,
  No. 11 CIV. 8405 CM JCF, 2014 WL 409164 (S.D.N.Y. Jan. 31,
  2014) ................................................................................................................3, 4

*Gunnells v. Healthplan Servs., Inc.*,
  348 F.3d 417 (4th Cir. 2003) ............................................................................14

*Hargrove v. Sleepy's LLC*,
  No. 310CV01138PGSLHG, 2022 WL 617176 (D.N.J. Mar. 2,
  2022) .................................................................................................................13

*Huber v. Taylor*,
  469 F.3d 67 (3d Cir. 2006) .................................................................................8

*Ibe v. Jones*,
  836 F.3d 516 (5th Cir. 2016) ............................................................................13

*Johnson v. Diakon Logistics, Inc.*,
   44 F.4th 1048 (7th Cir. 2022) ................................................................*passim*

*Mancuso v. L'Oreal USA, Inc.*,
   No. 21-CV-00989 (LJL), 2021 WL 1240328 (S.D.N.Y. Apr. 2,
   2021) ...................................................................................................9, 11

*Messenger v. Anderson*,
   225 U.S. 436 (1912).............................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983).................................................................................2

*Ortiz v. Goya Foods, Inc.*,
   No. CV 19-19003 (SRC), 2020 WL 1650577 (D.N.J. Apr. 3, 2020)...........10, 11

*Portillo v. Nat'l Freight, Inc.*,
   No. 15-CV-07908-JHR-MJS, 2022 WL 2078276 (D.N.J. June 9,
   2022) ...................................................................................13, 14

*Powers v. Lycoming Engines*,
   328 F. App'x 121 (3d Cir. 2009) ........................................................8

*Richardson v. Byrd*,
   709 F.2d 1016 (5th Cir.1983) ............................................................16

*Riffey v. Rauner*,
   910 F.3d 314 (7th Cir. 2018) .............................................................13

*Royal Mile Co. v. UPMC*,
   40 F. Supp. 3d 552 (W.D. Pa. 2014)..................................................13

*Spence v. Glock, Ges.m.b.H.*,
   227 F.3d 308 (5th Cir. 2000) ............................................................7

*United States v. Holloway*,
   630 F.3d 252 (1st Cir. 2011).............................................................5

**Statutes**

Black Lung Benefits Act...........................................................................6

N.J. Stat. Ann. § 34:11-4.10(c) ...............................................................14

New Jersey Wage Payment Law........................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23 ......................................................................*passim*

Fed. R. Civ. P. 23(c)(1)(c) ...............................................................3

Fed. R. Civ. P. 59(e).......................................................................3

Fed. R. Civ. P. 60(a).......................................................................3

Local Rule 7.1 ..........................................................................2, 3

Fed. R. Civ. P. 26(a)(1).....................................................................4

NFI moved to decertify this certified class action because recent appellate authority, *Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048 (7th Cir. 2022) (notably the first appellate court to address the issue), shows this Court (albeit a different judge) incorrectly analyzed which state's wage payment law governs the work of interstate drivers allegedly misclassified as independent contractors. Rather than conduct a statutory analysis, as *Diakon* instructs, this Court applied the most-significant-relationship test from the Restatement (Conflicts) of Law and concluded a New Jersey choice-of-law provision in the parties' ICOAs was in effect determinative. Plaintiffs' Opposition makes clear not even they think the Court's analysis was correct, but they insist this Court should not revisit the issue—no doubt in part because two Class Members recently filed a lawsuit in the Northern District of Texas arguing the exact opposite, *i.e.*, that the choice-of-law provision in their ICOAs does NOT dictate the applicable state wage law.[1]

Based on *Diakon,* such an inconsistent outcome (choice-of-law provision controls in this case but not that one) cannot be. As *Diakon* explains, whether a particular state's wage statute applies does not turn on the choice-of-law provision

---

[1] In *Lopez v. National Freight, Inc.*, Class Members Luis Lopez and Ambioris Jiminez argue the PWPCL applies to their claims notwithstanding their ICOAs' Texas choice of law provision. (*See* Case No. 3:22-cv-01844-S, N.D. Tex., Compl., ECF 1, PageID 2, ¶ 2.) They argue this because they must: "Texas law does not provide for a private right of action to recover the type of unpaid wages that Plaintiffs seek to recover." *Id.*

in parties' agreements, or even on a choice-of-law analysis. Instead, what matters is the language of the statute at issue and case law interpreting it. The correct analysis shows this Court erred in holding the NJWPL applies. This Court must decertify.

## I.  THE COURT MAY GRANT THE RELIEF REQUESTED.

Plaintiffs devote an inordinate amount of their Opposition arguing the Court should not entertain NFI's Motion to Decertify on various technical procedural grounds. None of their arguments is persuasive. As NFI explained at the outset, this Court may modify its Summary Judgment (ECF 300) and Class Certification (ECF 171) opinions at any time before final judgment. (*See* Mtn. to Decertify, ECF 307-1, PageID 7869-70, n.4.) Indeed, Fed. R. Civ. P. 23 expressly allows it, and as the Supreme Court has said, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)).

### A.  NFI's Motion Is Not A Motion for Reconsideration.

Plaintiffs start by arguing NFI's Motion is one for reconsideration governed by Local Rule 7.1(h), is thus not timely, and, even if it was timely, "fails to meet the stringent standard for seeking reconsideration." (ECF 309, PageID 7910.) This argument misapplies the law governing reconsideration in class actions, which, as this Court has explained in the past, is very different from that in non-class cases.

In *In re FleetBoston Financial Corporation Securities Litigation*, No. CIV A 02-4561 (GEB), 2007 WL 4225832, at *3 (D.N.J. Nov. 28, 2007), the plaintiffs' moved to alter the definition of a certified class. Defendants opposed the motion, arguing plaintiffs' motion really asked the court to reconsider class certification and was thus untimely. *Id.* The court disagreed. It discussed general rules governing reconsideration at length, including Fed. R. Civ. P. 59(e), Local Rule 7.1, and Fed. R. Civ. P. 60(a). *Id.* at *4-5. It explained these rules apply "to every type of judicial decision" in contrast to Fed. R. Civ. P. 23(c)(1)(c), which is "narrowly tailored to address only the issue of class certification" and expressly authorizes the altering or amending of class certification orders any time before final judgment. *Id.* Put simply, the general rules that govern reconsideration do not apply in the context of class certification orders; Rule 23 standards apply instead. *Id.* at *6.

In support of their position, Plaintiffs cite *Fleisher v. Phoenix Life Insurance Co.*, No. 11 CIV. 8405 CM JCF, 2014 WL 409164 (S.D.N.Y. Jan. 31, 2014). *Fleisher* is an unpublished, out-of-circuit decision concerning a class certification order like this one.[2] But *Fleisher* does not counsel against the rule discussed above. In *Fleisher*, the court certified a Rule 23 class action on July 12, 2013 and, at a party's request, revised the certification ruling on August 26, 2013. *Id*. Months later,

---

[2] No other case Plaintiffs cite involves reconsideration of a class certification decision. (*See* cases cited at ECF 309, PageID 7911.)

3

a party asked the court to revisit its certification ruling again. *Id.* at *2. The court found the third motion related to class certification in as many months an effort to divert attention from the merits and a waste. *Id.*

Here, by contrast, more than two years have passed since the Court certified a class action. In those two years, much has happened. Class members Lopez and Jiminez filed a second lawsuit making arguments that contradict those of the named Plaintiffs who represent them in this case. Moreover, for the first time, an appellate court addressed how a court should determine which state's wage statute applies to allegedly misclassified independent contractors. Contrary to this Court, it held that parties' private contracts and choice-of-law concepts used to decide which state's common law applies *do not control* the statutory analysis. Rather, the specific language of the wage statute at issue and the case law interpreting it govern. Finally, Plaintiffs served a Rule 26(a)(1) computation of damages for the first time, showing individual issues associated with NFI's defenses will predominate at trial. These developments all warrant a fresh look.

### B.   The Law-of-the-Case Doctrine Supports NFI's Motion to Decertify.

Plaintiffs next argue the Court's prior holding that the NJWPL applies is "law of the case," and *Diakon* does not warrant departure from it because *Diakon* is not binding precedent. (ECF 309, PageID 7913-14.)

4

First, the Third Circuit has "made clear" the law-of-the-case doctrine "is not applicable to class certification rulings." *Bayshore Ford Truck v. Ford Motor Co.*, No. CIV. A. 99-741 JLL, 2010 WL 415329, at \*2 (D.N.J. Jan. 29, 2010) (granting motion to decertify) (citing *Zenith Laboratories, Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir. 1976) (rejecting argument law-of-the-case doctrine prohibits court from revisiting class certification orders, citing Fed. R. Civ. P. 23(c)(1))).[3]

Second, contrary to what Plaintiffs imply, supervening legal authority need not be binding to justify revisiting an earlier decision. *Bridger Coal Co. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 669 F.3d 1183, 1192 (10th Cir. 2012) ("Intervening binding law from the controlling circuit is not the only circumstance in which it is reasonable . . . to reconsider [a] prior interpretation of governing law."); *United States v. Holloway*, 630 F.3d 252, 258 (1st Cir. 2011) (concluding intervening Supreme Court decision, though not directly on point, "cast doubt on the logic" of prior holding, making departure from prior rule of law appropriate notwithstanding law-of-the-case doctrine).

---

[3] Plaintiffs overstate the breadth and impact of the law-of-the-case doctrine. The doctrine is discretionary; it "merely expresses the practice of courts generally to refuse to reopen what has been decided." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). It does not place rigid limits on a court's power, *id.*, or "prohibit a court from disregarding an earlier holding in an appropriate case." *Castro v. United States*, 540 U.S. 375, 384 (2003).

For example, in *Bridger Coal Co.*, the Tenth Circuit reviewed an administrative law decision regarding the proof required to obtain an "irrebuttable presumption of total disability due to pneumoconiosis" under the Black Lung Benefits Act (the "Act"). 669 F.3d at 1186-90. The U.S. Department of Labor Benefits Review Board (the "Board") had initially relied on a Fourth Circuit decision and held the presumption did not apply, thus reversing an Administrative Law Judge's ("ALJ's") decision. *Id.* at 1189. On remand, the ALJ issued a subsequent decision applying the Act *sans* presumption, from which a party appealed. The Board heard the second appeal after the Eleventh Circuit had issued a supervening decision interpreting the Act differently than the Fourth Circuit. In the second appeal, the Board reversed course, this time siding with the Eleventh Circuit. *Id.* at 1190. The petitioner argued the law-of-the-case doctrine prohibited the Board from changing its mind. *Id.* at 1192. The Tenth Circuit rejected the argument, holding even if the law-of-the-case doctrine applied, the Board appropriately exercised its discretion to depart from its prior holding. The development of a circuit split "on the issue central to the . . . resolution of the case"—even if not controlling—"is a legitimate reason . . . to reconsider prior rulings." *Id.*

Likewise, here, an appellate court addressing the issue central to the resolution of this case for the first time "is a legitimate reason" for this Court to reconsider its prior ruling. *Diakon* addresses facts materially indistinguishable from those this

6

Court considered and set forth a different analysis, one that leads to a different result. It thus falls squarely within the "supervening new law" "exception" to the law-of-the-case doctrine Plaintiffs recognize. In addition, especially when coupled with Plaintiffs' position on applicable law in their new *Lopez* case, *Diakon* shows this Court's prior analysis was erroneous and, if left standing, will create a manifest injustice. Plaintiffs' argument that the law-of-the-case doctrine prohibits this Court from reaching the merits of NFI's Motion thus fail.

## II.   THE NEW JERSEY WAGE PAYMENT LAW DOES NOT APPLY.

### A.   <u>There Is No Dispute This Court Applied The Wrong Analysis When It Held The New Jersey Wage Payment Law Applies.</u>

Plaintiffs' remaining arguments attack the merits of NFI's Motion. They start with: NFI bears the burden of proof and a motion to decertify is an "extreme step." (ECF 309, PageID 7916-17.)

Critically, however, Plaintiffs do not dispute decertification is appropriate—indeed, necessary—where a court based its grant of certification on an incorrect choice of law. *See Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 309 (5th Cir. 2000) (decertifying class because district court erred in choice-of-law analysis). The Third Circuit has vacated several class certification decisions because of an erroneous choice-of-law analysis. *See, e.g., Powers v. Lycoming Engines*, 328 F. App'x 121, 122, 124 (3d Cir. 2009) (citing *Spence v. Glock, Ges.m.b.H.* favorably) (exercising plenary review over choice-of-law analysis and vacating decision certifying class

because district court's analysis "was incomplete and did not support certification"); *Huber v. Taylor*, 469 F.3d 67, 83 (3d Cir. 2006) (vacating denial of class certification upon finding district court erred in choice-of-law analysis).

This leaves only Plaintiffs' arguments on whether the District Court's choice-of-law analysis was correct. But they make no such argument. Although they devote pages to reviewing this Court's prior choice-of-law ruling(s), Plaintiffs never claim the Court's choice-of-law analysis was right. Instead, they try to distinguish *Diakon* and claim it "provides no basis" for reversing course. (ECF 309, PageID 7920-26.)

Plaintiffs argue *Diakon* is distinguishable because the *Diakon* court did not rely on the Restatement. (*Id.* at PageID 7923-24.) This, however, is precisely the point. *Diakon* instead (correctly) looked to case law interpreting the specific wage statute at issue to determine whether that wage statute applied. *Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048, 1052 (7th Cir. 2022), *reh'g denied*, No. 21-2886, 2022 WL 4290757 (7th Cir. Sept. 16, 2022) ("The Act governs payment for work in Illinois regardless of what state's law governs other aspects of the parties' relations."). This is the proper analysis. The distinction Plaintiffs draw does not undermine decertification, it supports it.

Upon applying the correct analysis of whether the NJWPL applies, as set out in *Diakon*, the Court must decertify. *Mancuso v. L'Oreal USA, Inc.*, No. 21-CV-00989 (LJL), 2021 WL 1240328, at *6 (S.D.N.Y. Apr. 2, 2021) demonstrates the

point. In *Mancuso*, the court reviewed the NJWPL's text and case law interpreting it, finding "the weight of authority in New Jersey and federal courts supports the conclusion that the law does not apply to employees who reside and work outside of . . . New Jersey." *Id.* The court cited this Court's choice-of-law analysis as the "one arguable exception" to the abundance of case law going the other way. *Id.* As it noted, however, this Court applied what *Diakon* later held was the wrong analysis. *See id.* at n.4 ("in Portillo, the court's inquiry was whether a choice of law analysis dictated application of New Jersey law or the law of another state. That question, however, is distinct from (even if related to) the question of the scope of New Jersey law and whether out-of-state employees have a cause of action under the NJWPL.").

Like the *Mancuso* court, this Court should have found—and should find now—the NJWPL does not apply to those who reside and work outside of New Jersey. *See id.* at *7 ("Although Plaintiff may have 'reported' to an employer in New Jersey and attended periodic meetings there, under the available precedent that is not enough to bring her within the ambit of the NJWPL.") Such warrants decertification.

## B.   Plaintiffs' "Wrong Analysis, Right Result" Theory Cannot Prevail.

*Diakon* shows this Court incorrectly held the NJWPL applies. Plaintiffs try to sidestep this by arguing, analysis aside, the District Court reached the right result. They claim the Court should have held the NJWPL applied regardless, because the

parties agreed to application of New Jersey law through the ICOAs' choice-of-law provision. (ECF 309, PageID 7925.)[4] Plaintiffs' argument fails for two reasons.

First, this Court already rejected it—when it initially addressed the choice-of-law issue in this case—as Plaintiffs admit. (*See* ECF 309, PageID 7925.) All the arguments Plaintiffs make regarding reconsideration and law-of-the-case doctrine bar Plaintiffs' attempts to revisit that holding now. Plaintiffs cite no equivalent of *Diakon*—*i.e.*, no supervening authority proving the District Court wrong in holding the choice-of-law provision does not encompass their misclassification / state wage law claim. (*Cf.* ECF 309, PageID 7926, n.13, citing opinions from 2017 and 2018.)

Second, Plaintiffs' argument that parties' private agreements govern whether a state wage statute applies flies in the face of *Diakon* and the correct analysis it teaches. *Ortiz v. Goya Foods, Inc.*, No. CV 19-19003 (SRC), 2020 WL 1650577, at *4 (D.N.J. Apr. 3, 2020) directly addresses the point. In *Ortiz*, the plaintiff (an allegedly misclassified independent contractor) argued the NJWPL applied because a broker agreement between he and the defendant contained a New Jersey choice of law provision. In rejecting the argument, the court explained, even if the choice of

---

[4] Such a holding allows the *Lopez* Plaintiffs to argue that, although the parties later agreed to Texas law, the court should disregard their later agreement. Like the plaintiffs in *Diakon*, the plaintiffs in *Lopez* will argue the law the parties selected has no substantial relationship to them or their work, and/or applying it conflicts with the fundamental policy of a state with a materially greater interest. (*See* ECF 309, PageID 7924, n.9, explaining argument as made by Plaintiffs' counsel in *Diakon*.)

law provision encompassed the independent contractor misclassification claim, the plaintiff still failed to state a plausible NJWPL claim. "The available caselaw strongly militates against applying the NJWPL statute to encompass the claims of individuals who work outside of New Jersey, regardless of the breadth of a contractual choice of law provision." *Id.*[5]

The bottom line is, in 2018, this Court tackled the difficult question of which state's wage statute applied to interstate drivers' claims that a company took improper deductions from their pay as a result of misclassifying them as independent contractors. No appellate court had addressed the question at the time, let alone provided a framework for doing so. In August 2022, the Seventh Circuit weighed in. The Seventh Circuit's opinion shows this Court conducted an incorrect analysis and reached the wrong result. Not even Plaintiffs argue this Court's analysis was correct. The correct analysis requires decertification.

## III.   LACK OF A CONGRUENT DAMAGES METHODOLOGY AND NFI'S DAMAGES DEFENSES WARRANT DECERTIFICATION.

*Diakon* aside, NFI argued in its Motion to Decertify that Plaintiffs' damages computation/methodology and NFI's defense to the same warrant decertification. (ECF 307-1, PageID 7873-80.) In response, Plaintiffs argue the Court should just

---

[5] Like *Mancuso v. L'Oreal USA, Inc.*, 2021 WL 1240328, discussed above, *Ortiz* also distinguishes this case on the grounds this Court applied a choice-of-law analysis instead of analyzing the issue on the basis of the NJWPL's statutory text.

accept their position wholesale and reject NFI's defenses. They seem tacitly to concede (*sub silencio*) decertification is warranted if the Court does not side with them entirely.[6] As explained below, the Court should not side with them at all.

To start, Plaintiffs invoke the general proposition that "individual damages do not preclude certification." (ECF 309, PageID 7927-28.) Perhaps true in a literal sense. The dollar amount of one person's individual damages may be different from another's without preventing certification. But where *the manner in which courts must calculate those individual damages* is not formulaic, courts do not hesitate to find individual issues predominate and preclude certification.[7] The salient question thus becomes how to calculate damages. Plaintiffs argue for a "simple calculation,"

---

[6] Plaintiffs' suggestion the Court should punt on how to calculate damages makes no sense given their seeming concession decertification is warranted if the Court does not side with them entirely. (*Cf.* ECF 309, PageID 7933, arguing NFI should make its arguments regarding Plaintiffs' damages methodology only in connection with trial). If the Court cannot determine damages via a common formula, better to know now and decertify than to try the case and decertify post-trial.

[7] *Riffey v. Rauner*, 910 F.3d 314, 319 (7th Cir. 2018) (affirming denial of class certification where "the answer to the central question that remains—how much money each individual class member is entitled to recoup—is particularly ill-suited for class treatment, because it depends on a myriad of factors particular to each individual worker"); *Ibe v. Jones*, 836 F.3d 516, 531 (5th Cir. 2016) (affirming denial of class certification, agreeing "individual damages issues predominated over the common issue of breach because ticketholders incurred vastly different expenses, which would essentially necessitate mini-trials to adjudicate damages for each ticketholder"); *Royal Mile Co. v. UPMC*, 40 F. Supp. 3d 552, 585 (W.D. Pa. 2014) ("certifying a class for which damages cannot be proven on a class wide basis is inefficient and improper"); *Hargrove v. Sleepy's LLC*, No. 310CV01138PGSLHG, 2022 WL 617176, at *1 (D.N.J. Mar. 2, 2022) (denying class certification as to damages).

a straight sum-of-deductions. (ECF 309, PageID 7906.) This, they argue, the Court already decided can be done via a method common to all class members. (*Id.*)

Contrary to what Plaintiffs imply, though, the Court has *not* already adopted their damages methodology. Plaintiffs unilaterally proclaim, "[t]he trial in this matter will . . . be limited to the questions of what deductions NFI made from the compensation of Plaintiffs and the Class (and the amounts thereof), and whether the NJWPL authorized any of those deductions." (ECF 309, PageID 7907.) Their proclamation is premature. This Court expressly left open whether "NFI must absorb the costs of insurance, communications equipment, fuel, or any other cost because NFI is an 'employer' under the ABC test," and whether such "costs were losses that Plaintiffs suffered and that Plaintiffs are entitled to recover as damages." *Portillo v. Nat'l Freight, Inc.*, No. 15-CV-07908-JHR-MJS, 2022 WL 2078276, at *24 (D.N.J. June 9, 2022). "These are still open questions that the Court will answer when the parties have fully briefed them for the Court's consideration." *Id.*

Answering such questions is not possible on a class basis given NFI's individualized defenses. (*See* ECF 307-1, PageID 7877-79, explaining damages must be offset by tax benefits Plaintiffs gained as independent contractors, which cannot be determined classwide; *see also* Answer, ECF 103, Fourth Affirmative Defense, stating "Plaintiffs are estopped and barred by their own conduct from recovering any relief."). *Cf. Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 147 (3d Cir.

13

1998) (affirming district court's decertification order where defenses raised individual issues); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 438 (4th Cir. 2003) ("we have flatly held that 'when the defendants' affirmative defenses . . . may depend on facts peculiar to each plaintiff's case, class certification is erroneous.").[8]

Moreover, Plaintiffs' theory of liability must align with their proposed method for calculating damages. As detailed in *Comcast Corp. v. Behrend*, 569 U.S. 27, 38 (2013), "[t]he first step in a damages study is the translation of the *legal theory of the harmful event* into an analysis of the economic impact *of that event*." (emphasis in original, quoting Federal Judicial Center, Reference Manual on Scientific Evidence 432 (3d ed. 2011).) Here, Plaintiffs' legal theory is NFI misclassified them, but Plaintiffs offer no class-wide method of proving the impact *of that event*.

The dollar amount of a deduction in isolation does not tell the whole story of how the deduction effected Plaintiffs. For example, although NFI deducted amounts it fronted to some Plaintiffs to pay for fuel, those Plaintiffs then declared fuel costs as a business expense and paid less money in taxes. Instead, to show the whole

---

[8] Instead of arguing NFI's defenses do not require decertification on the merits, Plaintiffs argue the Court should reject them (although they have filed no motion which would justify what is in effect an entry of summary judgment). (ECF 309, PageID 7932.) The only support they offer is N.J. Stat. Ann. § 34:11-4.10(c) (*see id.*), which creates a private right of action for an employee to recover "wages due" if an employer "fails to pay the full amount of wages" the NJWPL requires. This provides no basis for summarily disregarding NFI's defenses, which "will raise many individual issues." *Cf. Barnes*, 161 F.3d 127, 147 (finding contributory and comparative negligence defenses "will raise many individual issues").

14

picture—and to show NFI's misclassification negatively impacted them—Plaintiffs must prove their costs as independent contractors exceeded the benefits they received (in taxes, and from NFI) because they were independent contractors. (*Cf.* Speakman Report, ECF 270-1, PageID 6650.) Plaintiffs offer no common means of doing so, arguing only that they do not have to.

## IV.   RULE 23 DOES NOT PERMIT A CLASS ACTION MERELY BECAUSE A CLASS WILL OTHERWISE BE PREJUDICED.

Finally, Plaintiffs argue the Court should not decertify this class action because decertification would prejudice Plaintiffs. (ECF 309, PageID 7919.) They threaten "an overwhelming waste of this Court's resources," promising to seek to join over 100 class members if the Court decertifies. (*See id.* at n.6.)

The right path is not always the easiest. Class members will always suffer prejudice in some sense due to decertification. But Rule 23 requires district courts "to reassess their class rulings as the case develops." *Barnes*, 161 F.3d 127, 140 (citing and quoting *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir.1983)). "Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts." *Richardson*, 709 F.2d at 1019.

Reassessment at this juncture requires decertification. The Court should grant NFI's Motion to Decertify.

Dated: Oct. 31, 2022                    **GREENBERG TRAURIG, LLP**

                                        **By:** _s/ Christiana L. Signs_
                                           James N. Boudreau (*pro hac vice*)
                                           Christiana L. Signs (099012014)
                                           1717 Arch Street, Suite 400
                                           Philadelphia, PA 19103
                                           Telephone: (215) 988-7833/7868
                                           Facsimile: (215) 988-7801
                                           boudreauj@gtlaw.com
                                           signsc@gtlaw.com

                                           *Attorneys for Defendants National Freight, Inc. and NFI Interactive Logistics, LLC*