UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. PORTILLO, RAFAEL SUAREZ, MARTIN DURAN, GERMAN BENCOMSE, EDIN VARGAS, LUIS A. HERNANDEZ, JOSUE PAZ, and ALVARO CASTANEDA, Individually and on behalf of all others similarly situated, | Hon. Joseph H. Rodriguez |
| *Plaintiffs*, | |
| v. | Civil No. 15-cv-07908 |
| NATIONAL FREIGHT, INC. and NFI INTERACTIVE LOGISTICS, INC., | **OPINION** |
| *Defendants*. | |

This matter is before the Court on the motion of defendants National Freight, Inc. and NFI Interactive Logistics, LLC [Dkt. 307] seeking an order pursuant to Fed. R. Civ. P. 23(c)(1)(C) decertifying the class previously certified by the Court on June 30, 2020 [Dkt. 170] and vacating the Court's June 9, 2022 Summary Judgment Order [Dkt. 301]. [Dkt. 307]. The Court is in receipt of and has considered plaintiffs' opposition [Dkt. 309] as well as defendants' reply [Dkt. 310] and the parties' respective sur-replies [Dkt. 312, 313]. For the reasons set forth herein, the Court will deny the motion.

**I.   Background**

Plaintiffs are truck drivers who allege that defendants National Freight, Inc. and NFI Interactive Logistics, LLC (collectively, "NFI") erroneously classified them as independent contractors and resultingly made unlawful deductions from their pay in violation of the New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 et seq. On

1

July 1, 2020, the Court granted class certification under Fed. R. Civ. P. 23(b)(3) and defined the class of Plaintiffs as:

> 1. All individuals who: (1) entered into, either personally or through a corporate entity, an independent contractor agreement with NFI that had a New Jersey choice-of-law clause; and (2) drove a vehicle on a full-time basis to perform deliveries of goods to Trader Joe's stores anywhere on the East Coast on behalf of NFI at any time since June 22, 2009.
>
> 2. "Full-time basis" means having delivered at least 80% of the loads assigned to the contractor.

*Portillo v. Nat'l Freight, Inc.*, 336 F.R.D. 85, 98 (D.N.J. 2020).

In arriving at this definition in the July 1, 2020 Opinion deciding Plaintiffs' motion for class certification, the Court took into account Judge Simandle's earlier decision making certain choice-of-law determinations in the context of Plaintiffs' motion for declaratory relief. *See id.* at 88-91 (citing *Portillo v. Nat'l Freight, Inc.*, 323 F. Supp. 3d 646 (D.N.J. 2018). Specifically, the Court found that Judge Simandle's conclusion that New Jersey law applies to the named Plaintiffs' claims extended to then-absent class member Plaintiffs who meet the class criteria. *Id.* at 91.

Following the Court's certification of the class, NFI sought permission to appeal that decision by way of petition to the Third Circuit under Fed. R. Civ. P. 23(f), which the Third Circuit denied. *See National Freight, Inc. et al. v. Portillo, et al.*, No. 20-8029, Order, ECF No. 8 (3d Cir. Aug. 25, 2020). Plaintiffs then moved for summary judgment [Dkt. 187–190] and NFI cross-moved for summary judgment [Dkt. 276–280]. NFI's instant motion follows the Court's Order granting summary judgment in favor of Plaintiffs upon finding that Plaintiffs were misclassified as independent contractors applying the ABC test under New Jersey law. *See Portillo v. Nat'l Freight, Inc.*, No. 15-CV-07908, 2022 WL 2078276 (D.N.J. June 9, 2022).

The determinations set forth in the Court's decisions on each of these earlier motions are implicated by NFI's present motion to decertify. NFI challenges the Court's earlier conclusions that New Jersey law applies to Plaintiffs' claims based on the recent decision in *Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048 (7th Cir. 2022) and that damages are not calculable on a class-wide basis. *See* Mot. at *2.

In *Diakon*, The Seventh Circuit held that choice-of-law provisions contained in defendants' service agreements with plaintiff truck drivers were irrelevant because the plaintiffs' rights under the Illinois wage law arose under and were governed by the wage payment statute, not their service agreements. *See Diakon*, 44 F.4th at 1052. NFI argues that *Diakon* shows this Court "incorrectly analyzed which state's wage payment law governs the work of interstate drivers allegedly misclassified as independent contractors." *Reply* at *1. According to NFI, this Court erred when it "applied the most-significant-relationship test from the Restatement (Conflicts) of Law and concluded a New Jersey choice-of-law provision in the parties' ICOA was in effect determinative." *Id.* NFI further claims that in doing so, the Court inappropriately extended the choice-of-law ruling beyond named plaintiffs to all class members at the class certification stage, which "minimized the relationship between the parties and the claims, on one hand, and Pennsylvania, on the other." *Mot.* at *6. As to damages, NFI argues that individual issues overwhelm questions common to the class because Plaintiffs' expenses vary both plaintiff-to-plaintiff and year-to-year. *Id.* at *18. NFI contends that this makes it impossible to determine Plaintiffs' costs and expenses across the entire class, thus rendering the claims improper for adjudication on a class-wide basis. *Reply* at. *19.

## II.     Discussion

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "Pursuant to this rule, district courts may decertify a class where appropriate after the case develops." *Bayshore Ford Truck v. Ford Motor Co.*, 2010 WL 415329, at *2 (D.N.J. Jan. 29, 2010) (citing *Barnes v. Am. Tobacco Co., Ins.*, 161 F.3d 127, 140 (3d Cir. 1998) ("Under Rule 23(c)(1), District Courts are required to reassess their class rulings as the case develops.")); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 171, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in litigation."). "If, upon considering the record, the court finds that the criteria for and goals of class certification are no longer being met, [a] motion for class decertification should be granted." *Barkouras v. Hecker*, 2007 WL 4545896, at *1 (D.N.J. Dec. 19, 2007) (internal quotations and citation omitted). Decertification is particularly warranted where changes in the substantive or procedural law (*Martinez-Santiago v. Pub. Storage*, 331 F.R.D. 94, 101 (D.N.J. 2019)) or subsequent facts call into question whether continued class action treatment is proper (*Bayshore Ford Truck*, 2010 WL 415329, at *2). *See also In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, 2017 WL 3494221, at *3 (E.D. Pa. Aug. 14, 2017) ("Generally, class decertification is prompted by a change in factual circumstances or developments in applicable substantive or procedural law."). "[I]n the absence of *materially* changed or clarified circumstances courts should not condone a series of rearguments on the propriety of class certification[.]" *City Select Auto Sales, Inc. v. David/Randall Assocs.*, 96 F. Supp. 3d 403, 413 (D.N.J. 2015) (internal quotations and citation omitted).

Moreover, decertification is considered an "'extreme step' particularly at a late stage in litigation, 'where a potentially proper class exists and can easily be created.'" *Korrow v. Aaron's Inc.*, No. CV 10-6317, 2015 WL 7720491, at *10 (D.N.J. Nov. 30, 2015) (quoting *Gulino v. Bd. of Educ.*, 907 F. Supp. 2d 492, 504 (S.D.N.Y. 2012)). Ultimately, "[t]he party seeking to decertify a class action has the burden of showing 'changed circumstances' that would warrant the decertification of the class action." *Barkouras*, 2007 WL 4545896, *1 (quoting *Muise v. GPU, Inc.*, 371 N.J. Super. 13, 32 (App. Div. 2004)).

NFI has identified no new or changed circumstances or changes in controlling substantive or procedural law to warrant decertification. Instead, NFI's motion relies on The Seventh Circuit's recent decision in *Diakon* to resurrect argument previously made in opposition to the underlying motions concerning the application of New Jersey law, which the Court has already considered and rejected. NFI echoes its position that the state where each putative class member resides, the state(s) in which each incorporated their companies (if any), and the state(s) to which each made deliveries vary among class members without choice-of-law clauses and therefore predominate any choice-of-law analysis. *See Mot.* at *11; NFI's Opposition to Plaintiffs' Motion for Class Certification at *11-12 [Dkt. 142]. But the Court directly responded to these points in its July 1, 2020 Opinion and need not address NFI's same argument recast under the banner of the non-binding decision in *Diakon*. *See Portillo*, 336 F.R.D. at 89-91. NFI also cites *Diakon* in support of its argument that it was incorrect to apply New Jersey law in the first instance because the test for determining employee status comes from statute rather than the analysis employed by this Court under Restatement Section 145.

5

*Mot.* at *8. However, because *Diakon* is an out-of-circuit decision that is non-binding in this jurisdiction, the Court does not find it to constitute an intervening change in circumstances or controlling law that would occasion decertification of the class. And *Diakon* does not otherwise alter the Court's prior conclusions regarding choice-of-law and predominance. "Each step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Johnson v. Tp. of Bensalem*, 609 F.Supp. 1340, 1342 n. 1 (E.D.Pa. 1985) (internal quotations omitted).

Likewise, NFI fails to meet the standard for decertification based on its assertion that Plaintiffs' damages are not susceptible to class-wide proof. NFI challenges Plaintiffs' proposal to calculate damages using a "sum-of-deductions model" instead of NFI's preferred "standard economic model," arguing that it raises individualized issues that defeat predominance. *Mot.* at *17-19. Importantly, though, Plaintiffs' proposal to calculate damages using a "sum-of-deductions model" remains in alignment with a viable theory of damages that has not been foreclosed. That is, Plaintiffs' advance the theory that damages equal the sum of improper deductions, which the Court previously found could be measured based on the common evidence of spreadsheets showing categories of deductions that were routinely made. *Portillo*, 336 F.R.D. at 94 n.4 (D.N.J. 2020). To the extent NFI believes Plaintiffs have failed to produce a fulsome computation of damages or a make complete disclosures of evidence relating thereto, NFI is free to avail itself of the rules of discovery or make an evidentiary motion at an

appropriate time. But at present, the Court rejects NFI's claims of such "lack of evidence" as a basis for decertification where Plaintiffs' have advanced a viable theory of measuring damages across the class and their claims are characteristically unified by common theories of statutory violations. *See Smith v. Suprema Specialties, Inc.*, No. 02-168, 2007 WL 1217980, at *9 (D.N.J. Apr. 23, 2007) (certifying class where common questions of fact predominated over "divergent individual issues of damages" and noting that "[t]he focus of the predominance inquiry is on liability, not damages"). For the same reasons, the Court need not decertify the class at this juncture based on the possibility that if NFI's position is accepted, a factfinder may be required to offset any damages with the benefit of tax write-offs for claimed business expenses.

Ultimately, because outstanding damages-related questions concerning whether to employ a "sum-of-deductions model" or NFI's proposed "standard economic model" and the import of tax-offsets implicate consequential questions of law and statutory interpretation, the Court finds that these are more appropriately considered in the context of a fully-briefed motion for judgment.[1] For now, it is enough to observe that alternative and conflicting theories of damages among the parties are insufficient to warrant wholesale decertification. Indeed, the potential existence of individualized damage assessments does not detract from the action's suitability as a class where it is

---

[1] Should a resulting determination yield greater individualization among class members or challenges in quantifying their economic injuries, the Court has options at its disposal to manage such issues including: (1) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) creating subclasses; (4) altering or amending the class; or (5) re-visiting the issue of certification and, if called for, providing notice to class members concerning how they may proceed to prove damages. *See Carrow v. FedEx Ground Package Sys., Inc.*, No. CV 16-3026, 2019 WL 7184548, at *12 (D.N.J. Dec. 26, 2019).

not clear that questions of individual damage calculations will inevitably overwhelm questions common to the class. As the Third Circuit held, "obstacles to calculating damages may not preclude class certification" provided that the class can show "the fact of damages . . . on a common basis." *Harnish v. Widener Univ. Sch. of Law*, 833 F.3d 298, 306 (3d Cir. 2016). Plaintiffs have met that burden, while NFI has failed to meet its burden of showing a change in circumstances or controlling law that would warrant the drastic step of decertifying the class. *See Barkouras*, 2007 WL 4545896, *1 ("[t]he party seeking to seeking decertify a class action has the burden of showing changed circumstances that would warrant the decertification of the class action.") (internal quotations and citation omitted)).

### III.   Conclusion

For the reasons set forth herein, the Court will deny NFI's motion to decertifying the class. An accompanying order shall issue.

February 7, 2022

/s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE